IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORTHOFLEX, INC. d/b/a/ | § | |
| INTEGRATED ORTHOPEDICS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:11-CV-0870-D |
| VS. | § | (Consolidated with |
| | § | Civil Action No. 3:10-CV-2618-D) |
| | § | |
| THERMOTEK, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Thermotek, Inc. ("Thermotek") moves to voluntarily dismiss its claim for misappropriation of trade secrets, or, alternatively, for leave to file an amended complaint that dismisses this claim. Mike Wilford ("Wilford"), a defendant in these consolidated cases, opposes the motion.[1] For the reasons that follow, the court grants Thermotek's alternative motion for leave to file a third amended complaint.[2]

Thermotek moves under Fed. R. Civ. P. 41(a)(2) and Rule 41(c) to dismiss its claim for misappropriation of trade secrets, or, alternatively, under Rule 15(a)(2) to amend its

---

[1]Thermotek and Wilford are both defendants in these consolidated cases. In the respect pertinent here, Thermotek is seeking to dismiss or drop a claim asserted against Wilford.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

complaint to drop this claim. Wilford opposes the motion, contending he will be legally prejudiced if the claim is dismissed. Thermotek filed this motion on July 7, 2011. In these consolidated cases, only one scheduling order has been entered. In Civil Action No. 3:10-CV-2618-D the court set August 1, 2011 as the deadline for a party to file a motion for leave to amend its pleadings. Mar. 11, 2011 Order at 2.

Perhaps because Thermotek primarily seeks dismissal under Rule 41 and alternatively seeks leave to amend under Rule 15, much of the parties' briefing analyzes whether the court should grant Thermotek's motion under Rule 41 principles. In the court's view, this is a motion to be decided under Rules 16(b)(4) and 15(a)(2), not Rule 41.

Rule 41(a)(2) allows a plaintiff to request that the court dismiss "*an action . . .* on terms that the court considers proper." *Id.* (emphasis added). Because Thermotek does not seek to dismiss its "action" against Wilford but instead seeks to dismiss only one of four claims, Rule 41(a)(2) does not control its motion.

> [I]t has been held that when multiple claims are filed against a single defendant, Rule 41(a) is applicable only to the voluntary dismissal of all the claims in an action. A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15.

9 Charles A. Wright, et al., *Federal Practice and Procedure* § 2362, at 413-14 (3d ed. 2008) (footnotes omitted).[3] Accordingly, the question to be decided is whether Thermotek should

---

[3]Although some district courts in the Fifth Circuit have allowed parties to dismiss single claims using Rule 41(a)(2), *see, e.g., Devitt v. Kraft Gatz Lane Benjamin, LLC*, 2010 WL 1816709, at *1 (S.D. Tex. May 5, 2010) (citing cases), this court declines to do so. *See Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 n.2 (5th Cir. 1978) ("Rule 41(a)

be allowed to amend its complaint. This question is controlled by Rules 16(b)(4) and 15(a)(2).

Thermotek does seek in the alternative leave to file a third amended complaint that omits the claim for misappropriation of trade secrets. Motions for leave to amend are typically governed by Rule 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2). As noted, Thermotek filed the instant motion on July 7, 2011, in advance of the August 1, 2011 deadline to file a motion for leave to amend. When, as here, a party files a motion for leave to amend by the court-ordered deadline, there is a "presumption of timeliness." *Poly–Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.). Thermotek's motion is therefore presumed to be timely. It is unusual for the court to conclude that a timely motion for leave to amend should be denied based on undue delay or lack of diligence, and this is not such a case.

Nor has Wilford made a sufficient showing of prejudice.[4] Wilford essentially argues that Thermotek seeks to limit his discovery by no longer pursuing a claim for misappropriation of trade secrets. Although Thermotek filed its motion to dismiss the misappropriation of trade secrets claim after interrogatories concerning trade secrets were

---

speaks of dismissal of an action, and the plaintiff's elimination of a fragment of an action as was the case here is more appropriately considered to be an amendment to the complaint under Rule 15.").

[4]Wilford's arguments focus on prejudice as measured under Rule 41(a)(2). To the extent his arguments apply to prejudice under Rule 15(a)(2), the court has considered them and determined in its discretion that they are insufficient to warrant denying Thermotek's motion.

submitted and depositions were scheduled, Wilford will not be unduly prejudiced if Thermotek no longer pursues this claim. This is so even if Thermotek's motivation is to limit or foreclose discovery that would otherwise be available.[5] When a party decides that it no longer wishes to pursue a claim, that decision can often affect the scope of discovery. But this does not of itself lead to the conclusion that the opposing party will be unduly prejudiced. The rules of procedure contemplate that parties will be permitted to drop claims, and they may opt to do so when the costs (sometimes monetary and other times non-pecuniary) of pursuing a particular claim are perceived to outweigh the benefits of litigating it.

\* \* \*

Accordingly, the court grants Thermotek's July 7, 2011 alternative motion for leave to file a third amended complaint. It must file the third amended complaint within 14 days

---

[5]Although the parties argue extensively about the potential overlap between Thermotek's misappropriation of trade secrets claim and its other three claims, the court need not resolve this issue to decide Thermotek's motion.

of the date this memorandum opinion and order is filed.

    **SO ORDERED.**

September 21, 2011.

                                      SIDNEY A. FITZWATER
                                      CHIEF JUDGE