IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORTHOFLEX, INC. d/b/a/ | § | |
| INTEGRATED ORTHOPEDICS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:11-CV-0870-D |
| VS. | § | (Consolidated with |
| | § | Civil Action No. 3:10-CV-2618-D) |
| | § | |
| THERMOTEK, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The court denies Mike Wilford's ("Wilford's") Fed. R. Civ. P. 12(b)(6) motion to dismiss count two of Thermotek, Inc.'s ("Thermotek") third amended complaint.[1]

I

Count two alleges that Wilford tortiously interfered with Thermotek's distributor agreements with Wabash Medical Company, LLC; Motion Medical Technologies, LLC; and Maldonado Medical Company, LLC (collectively, "companies").[2] In his motion to dismiss, Wilford contends that Thermotek's tortious interference with contracts claim rests entirely

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] Thermotek and Wilford are both defendants in these consolidated cases. In the respect pertinent here, Wilford is seeking dismissal of a claim asserted against him by Thermotek.

on his alleged violations of Thermotek's noncompete covenant in the distributor agreement with the companies. Wilford maintains that because the noncompete covenant is unenforceable as a matter of Texas law, count two does not state a claim on which relief can be granted. Thermotek has not responded to Wilford's motion.[3]

II

Under Texas law

> a covenant not to compete is enforceable . . . to the extent that it contains limitations as to time, geographical area, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee.

Tex. Bus. & Com. Code Ann. § 15.50(a) (West 2009). If the covenant is not enforceable under § 15.50(a), "the court *shall reform* the covenant to the extent necessary to cause the limitations contained in the covenant as to time, geographical area, and scope of activity to be restrained to be reasonable." Tex. Bus. & Com. Code Ann. § 15.51(c) (West Supp. 2011) (emphasis added).[4]

---

[3]Thermotek may have elected not to respond because, after Wilford filed the instant motion to dismiss, the court granted Thermotek leave to file a third-party complaint and first amended counterclaims. That pleading includes a tortious interference with contracts claim that is substantially similar to count two of Thermotek's third amended complaint—the count at issue in the current motion—and Thermotek may have intended to address Wilford's argument in the context of a motion to dismiss that pleading rather than in the context of Thermotek's third amended complaint. Despite the procedural posture of this case and the absence of a response, the court is deciding the motion to dismiss because it is clear that Wilford's motion should be denied.

[4]Before § 15.51(c) was amended in 1993, it required a party to request that the court reform an unreasonable covenant. As amended, § 15.51(c) no longer requires a party to

Wilford argues that because the noncompete covenant in Thermotek's distributor agreements contains no geographical limitation, *see* D. App. 2, it violates § 15.50(a) and is unenforceable. *See, e.g., Zep Mfg. Co. v. Harthcock*, 824 S.W.2d 654, 661 (Tex. App. 1992, no writ) ("The noncompete covenant in this case contained no limitation as to geographical area. Thus, the noncompete covenant does not comply with section 15.50(2) in this regard." (emphasis omitted)). Even assuming *arguendo* that the noncompete covenant is unenforceable because it does not contain a geographical limitation, it does not follow that the noncompete covenant is entirely unenforceable. Under Texas law, when a court determines that a noncompete covenant is unenforceable as written, the court is required to reform it to the extent necessary to be reasonable. Therefore, if Wilford is correct and the noncompete covenant is unenforceable as written, the court must reform the covenant. For that reason, the court cannot conclude, as Wilford maintains, that the basis for Thermotek's tortious interference with contracts claim is unenforceable as a matter of Texas law. The noncompete covenant may be unenforceable as written, but once it is reformed, it can still serve as the basis for Thermotek's tortious interference with contracts claim. Wilford has

---

make such a request; instead, it obligates "the court [to] reform the covenant to the extent necessary." *Id.* Even after § 15.51(c) was amended, however, some Texas courts continue to suggest that a party must request reformation, while others recognize that, under § 15.51(c), the court must reform the covenant if it finds it to be unreasonable. *Compare Goodin v. Jolliff*, 257 S.W.3d 341, 352, n.11 (Tex. App. 2008, no pet.) (holding that noncompete covenant without geographic limitation was unenforceable and noting that party relying on the covenant did not plead for reformation) *with Cobb v. Caye Publ'g Grp., Inc.*, 322 S.W.3d 780, 784 (Tex. App. 2010, no pet.) (holding that trial court, after finding covenant to be unenforceable, shall reform it according to § 15.51(c)).

not established that Thermotek cannot recover even under a noncompete covenant that has been reformed. The court therefore denies his motion to dismiss.

* * *

Wilford's October 19, 2011 motion to dismiss count two of Thermotek's third amended complaint is denied.[5]

**SO ORDERED.**

November 23, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[5]As the court notes *supra* at note 3, Thermotek has filed a third-party complaint and first amended counterclaims that includes a tortious interference with contracts claim that is substantially similar to count two of Thermotek's third amended complaint. On November 22, 2011 several parties, including Wilford, filed a motion to dismiss portions of that pleading. Wilford moves, *inter alia*, to dismiss Thermotek's tortious interference with contracts claim. Although today's decision may impact Wilford's motion, it is addressed only to the October 19, 2011 motion to dismiss count two of Thermotek's third amended complaint, not to the motion filed on November 22, 2011.