IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORTHOFLEX, INC. d/b/a/ | § | |
| INTEGRATED ORTHOPEDICS, et al., | § | |
| | § | |
| Plaintiffs-Counterdefendants, | § | |
| | § | Civil Action No. 3:11-CV-0870-D |
| VS. | § | (Consolidated with |
| | § | Civil Action No. 3:10-CV-2618-D) |
| | § | |
| THERMOTEK, INC., | § | |
| | § | |
| Defendant-Counterplaintiff- | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| MIKE WILFORD, | § | |
| | § | |
| Consolidated defendant, | § | |
| | § | |
| VS. | § | |
| | § | |
| WMI ENTERPRISES, LLC, et al., | § | |
| | § | |
| Third-Party Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Third-party defendants Thermo Compression Solutions, L.L.C. ("TCS, LLC") and

Thermal Compression Solutions, Inc. ("TCS, Inc.") move to dismiss the actions against them

for lack of *in personam* jurisdiction. For the reasons that follow, the court grants the motion

as to TCS, Inc.[1] and denies it as to TCS, LLC.

---

[1]The parties agree that TCS, Inc. is a non-existent entity and therefore not a proper
party. The court therefore grants TCS, Inc.'s motion to dismiss without further discussion.

I

Because this case is the subject of multiple prior opinions,[2] the court need not recount the background facts at length. It will instead set out the background facts and procedural history necessary to understand the present decision.

TCS, LLC was not added as a party to this litigation until defendant-counterplaintiff-third-party plaintiff ThermoTek, Inc. ("ThermoTek") filed its first amended third-party complaint and second amended counterclaims ("complaint").[3] ThermoTek alleged that TCS, LLC and other defendants were liable under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"); ThermoTek also asserted state-law claims against TCS, LLC for tortious interference with existing contracts, unfair competition, and civil conspiracy. Several parties, including TCS, LLC, moved under Fed. R. Civ. P. 12(b)(6) to dismiss certain claims alleged in the complaint. The court granted the motion in part, dismissing all the claims that ThermoTek asserted against TCS, LLC except for an unfair competition claim. *See Orthoflex, Inc. v. ThermoTek, Inc.*, 2012 WL 2864510, at \*4, 6, & 8 (N.D. Tex. July 12, 2012) (Fitzwater, C.J.). Although the court granted ThermoTek leave to replead, it has not done so. TCS, LLC now moves to dismiss for lack of *in*

_____

*See* ThermoTek Resp. 1 n.1 ("Based on counsel's representations and Wilford's recent deposition testimony that there is no entity by the name of [TCS, Inc.], ThermoTek believes it is no longer a proper party.").

[2]*See, e.g., Orthoflex, Inc. v. ThermoTek, Inc.*, 2012 WL 2864510 (N.D. Tex. July 12, 2012) (Fitzwater, C.J.).

[3]The court for clarity will refer to ThermoTek's first amended third-party complaint and second amended counterclaims as its "complaint."

*personam* jurisdiction.

II

The court need only address whether TCS, LLC waived its objection to personal jurisdiction by filing its Rule 12(b)(2) motion after it filed the Rule 12(b)(6) motion.  A party waives its personal jurisdiction defense by omitting it from a previously-filed motion to dismiss if the personal jurisdiction defense was available when the initial motion was made. *See* Rule 12(g)(2), (h)(1); *cf.* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1391, at 512 (3d ed. 2004) ("Rule 12(h)(1) does not provide for waiver if the omitted defense was unavailable when the party answered.").  TCS, LLC argues that the personal jurisdiction defense was unavailable when it filed the motion to dismiss because there was no question that the court had *in personam* jurisdiction over it through 18 U.S.C. § 1965(b), RICO's nationwide service of process provision.  TCS, LLC maintains that the defense is now available for the first time because the RICO claim has been dismissed.  The court disagrees.

TCS, LLC knew precisely the same facts regarding its contacts with the state of Texas when it filed its Rule 12(b)(6) motion as it did when it filed the instant Rule 12(b)(2) motion. Nothing prevented TCS, LLC from challenging *in personam* jurisdiction in conjunction with its motion to dismiss the civil RICO claim.  Parties not infrequently move simultaneously, in consolidated motions, for one type of Rule 12(b) relief that is contingent on the court's granting another type of Rule 12(b) relief.  "The purpose of the Rule 12(h)(1) automatic waiver provision is to encourage the consolidation of motions and discourage the dilatory

- 3 -

device of making them in a series." *Flory v. United States*, 79 F.3d 24, 25 (5th Cir. 1996) (per curiam); *see* 5A Wright & Miller, *supra*, § 1391, at 515 ("Thus, the message conveyed by the present version of Rule 12(h)(1) seems quite clear.  It advises a litigant to exercise great diligence in challenging personal jurisdiction . . . .").  TCS, LLC could have filed its Rule 12(b)(2) motion when it filed the Rule 12(b)(6) motion, requesting that, if the court dismissed ThermoTek's RICO claim, it then dismiss the entire action over TCS, LLC for lack of *in personam* jurisdiction.  The court therefore holds that TCS, LLC waived its personal jurisdiction defense.

\* \* \*

For the reasons explained, TCS, Inc.'s[4] October 25, 2012 motion to dismiss for lack of *in personam* jurisdiction is granted, and TCS, LLC's motion is denied.[5]

**SO ORDERED.**

May 23, 2013.

Sidney A. Fitzwater
_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[4]Because it is undisputed that TCS, Inc. is a non-existent entity, the court is not filing a Rule 54(b) final judgment of dismissal as to TCS, Inc.

[5]ThermoTek filed its complaint and its response to the motion to dismiss under seal. The court concludes that there is no reason why this memorandum opinion and order should be filed under seal.