IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORTHOFLEX, INC. d/b/a/ INTEGRATED ORTHOPEDICS, et al., Plaintiffs-Counterdefendants, VS. THERMOTEK, INC., Defendant-Counterplaintiff- Third-Party Plaintiff, VS. MIKE WILFORD, Consolidated defendant, VS. WMI ENTERPRISES, LLC, et al., Third-Party Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:11-CV-0870-D (Consolidated with Civil Action No. 3:10-CV-2618-D) |

MEMORANDUM OPINION
AND ORDER

The court grants plaintiffs leave to file three motions to strike and a motion for summary judgment that are untimely under the scheduling order in this case, concluding for the reasons that follow that such leave should be granted under Fed. R. Civ. P. 6(b)(1)(B).[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case,

I

On April 25, 2013 plaintiffs-counterdefendants Orthoflex, Inc. d/b/a Integrated Orthopedics, Motion Medical Technologies, LLC, Wabash Medical Company, LLC, consolidated defendant Mike Wilford, and third-party defendants Thermo Compression Solutions, LLC and Tri 3 Enterprises, LLC (collectively, "plaintiffs") filed a motion to strike portions of the proffered expert testimony of Karl Weisheit. Ps. Apr. 25, 2013 Mot. Strike. The court entered an order the next day directing plaintiffs to demonstrate why the motion was timely under the scheduling order (as amended) in this case. Apr. 26, 2013 Order. On May 1, 2013 plaintiffs filed two motions to strike portions of the proffered expert testimony of Roch Shipley, Ps. May 1, 2013 Mot. Strike (in support of defendant-counterplaintiff-third-party plaintiff ThermoTek, Inc.'s ("ThermoTek's") claims); Ps. May 1, 2013 Mot. Strike (in rebuttal to plaintiffs' claims), and a motion for summary judgment, Ps. May 1, 2013 Mot. Summ. J. Plaintiffs also filed a response to the court's order, arguing that their summary judgment motion and motions to strike were timely. Alternatively, they sought leave to file the motions to strike and for summary judgment.[2]

II

The motions to strike and for summary judgment are untimely. The court filed the scheduling order in this case on December 12, 2011. The order established an August 1,

---

and not for publication in an official reporter, and should be understood accordingly.

[2]Although part of the briefing is filed under seal, the court has determined that this memorandum opinion and order should not be sealed.

2012 deadline for filing summary judgment motions and for "motions not otherwise covered," which includes *Daubert* motions. The court filed on September 25, 2012 an agreed order to extend the deadlines in the pretrial schedule. This order retained the trial setting of the two-week docket of March 4, 2013[3] but modified the scheduling order. Relevant to today's decision, it adjusted to January 4, 2013 the deadline for summary judgment motions and "motions not otherwise covered," providing that "[t]he entry of this Order does not modify any other deadline in the scheduling order (Dkt. No. 151) which currently governs this case." Sept. 25, 2012 Agreed Order 2. On December 11, 2012 the court, on its own initiative, reset the trial to the two-week docket of July 15, 2013. Dec. 11, 2012 Order 1. In doing so, the court quoted part of N.D. Tex. Civ. R. 40.1,[4] stating that the trial continuance did not extend or revive any deadline that had already expired in the case, and that "[u]nexpired deadlines based on the prior trial setting . . . are hereby reset so that the parties shall now comply with them on the basis of the new setting." *Id.*

Plaintiffs maintain that, by resetting the trial date, the court implicitly reset the deadlines for motions for summary judgment and "motions not otherwise covered," because these were unexpired deadlines. The court disagrees. Although these deadlines were unexpired, they were not deadlines "based on the prior trial setting." Deadlines based on the

---

[3]This setting was originally made in an April 10, 2012 trial setting order.

[4]Rule 40.1 provides, in pertinent part: "Unless the presiding judge orders otherwise, the granting of a motion for continuance will not extend or revive any deadline that has already expired in a case."

trial setting are deadlines that are established by reference to the trial setting rather than according to a specific date prescribed in the scheduling order or an amended scheduling order.  For example, in this case the April 10, 2012 trial setting order specified that motions *in limine* must be filed "at least 14 days before the date of the trial setting."  Apr. 10, 2012 Order 4.  But the deadlines for filing motions for summary judgment and motions not otherwise covered (which would include *Daubert*-type motions) were set specifically, not in relation to the date of the trial setting.  The September 25, 2012 agreed order to extend the deadlines in the pretrial schedule adhered to this distinction between types of deadlines.  When addressing "motions not otherwise covered," it noted specifically that motions *in limine* and objections filed under Rule 26(a)(3) were excepted from this deadline because they were governed by deadlines specified in the trial setting order.  Sept. 25, 2012 Agreed Order 2.  Therefore, when the court reset the trial to the two-week docket of July 15, 2013, it did not continue the deadlines for filing motions for summary judgment and motions not otherwise covered.  Those deadlines remained January 4, 2013.  Plaintiff's motions are therefore untimely.

III

Although the motions are untimely, the court will consider whether to grant plaintiffs leave to file the motions.  Under the circumstances presented here, the court concludes that Rule 6(b)(1)(B), rather than Rule 16(b), controls.  By their alternative motion for leave, plaintiffs are effectively asking the court to excuse the late filing of pleadings already filed,

not to modify the scheduling order.[5]

Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "Excusable neglect is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008) (Fitzwater, C.J.) (citation omitted). Excusable neglect encompasses "late filings [that] were due to mistake, inadvertence or carelessness and not to bad faith[.]" *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (construing bankruptcy counterpart of Rule 6(b)(1)(B))). "There are four non-exclusive factors for determining whether a late filing may constitute 'excusable neglect': (1) the danger of prejudice to the other party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith." *Kretchmer v. Eveden, Inc.*, 2009 WL 1939036, at *1 (N.D. Tex. July 2, 2009) (Fitzwater, C.J.) (citing *Pioneer*, 507 U.S. at 395).

In this case, plaintiffs filed their motions to strike and for summary judgment almost four months after the applicable deadlines had expired. Plaintiffs not only misinterpreted the

---

[5]The court does not suggest that a party can rely on Rule 6(b) to circumvent the requirements for modifying a scheduling order under Rule 16(b) when that Rule controls.

court's December 11, 2012 order resetting the trial, they failed to seek clarification or to request prompt relief once it should have been apparent that their reading of the order was mistaken. For example, ThermoTek filed four *Daubert*-type motions on January 4, 2013, the correct deadline. And in an April 16, 2013 letter to the court, ThermoTek recognized that the deadline for filing dispositive motions and motions to strike experts was January 4, 2013. *See* ThermoTek May 14, 2013 App. 3. Plaintiffs did not file their alternative motion for leave until May 1, 2013.

Nevertheless, plaintiffs have adduced evidence showing that their late filings were the result of excusable neglect rather than of gamesmanship. *See* Ps. May 1, 2013 (Dkt. 364) App. 60 (internal litigation docket showing May 1, 2013 as deadline to file summary judgment motion); Ps. May 1, 2013 (Dkt. 365) App. 2-3 (affidavit of counsel stating that she interpreted court orders as linking relevant deadline and trial date). And concerning the prejudice factor, the court finds that the danger of prejudice to ThermoTek is insufficient to support denying leave to file the motions. Although ThermoTek argues that it is prejudiced because plaintiffs will have had significantly more time to file their motions and because ThermoTek will have to change strategy to respond to the motions, it has not stated any specific grounds for how the additional time would have benefited it or how responding to the motions at this point will prejudice its strategy or case management.

The court therefore grants plaintiffs' alternative motion for leave to file their motions to strike and for summary judgment, and the motions already on file need not be refiled. The deadline for ThermoTek to respond to the motions is 21 days from the date this memorandum

opinion and order is filed, unless additional time is granted by agreed order[6] or by court order, on ThermoTek's motion.

**SO ORDERED.**

June 26, 2013.

                                              _____
                                              SIDNEY A. FITZWATER
                                              CHIEF JUDGE

---

[6]Given the relief granted to plaintiffs today, the court assumes that they will not refuse reasonable extension requests, if ThermoTek makes them.