IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORTHOFLEX, INC. d/b/a/ | § | |
| INTEGRATED ORTHOPEDICS, et al., | § | |
| | § | |
| Plaintiffs-Counterdefendants, | § | |
| | § | Civil Action No. 3:11-CV-0870-D |
| VS. | § | (Consolidated with |
| | § | Civil Action No. 3:10-CV-2618-D) |
| | § | |
| THERMOTEK, INC., | § | |
| | § | |
| Defendant-Counterplaintiff- | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| MIKE WILFORD, | § | |
| | § | |
| Consolidated Defendant, | § | |
| | § | |
| VS. | § | |
| | § | |
| WMI ENTERPRISES, LLC, et al., | § | |
| | § | |
| Third-Party Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant-counterplaintiff-third-party plaintiff ThermoTek, Inc. ("ThermoTek") moves to realign the parties. For the reasons that follow, the court grants the motion.[1]

---

[1] Although briefing concerning this motion has been filed under seal, this memorandum opinion and order is not sealed.

I

Because this case is the subject of multiple prior opinions,[2] the court will recount only the background facts and procedural history necessary to understand the present decision. In March 2010 plaintiffs-counterdefendants Orthoflex, Inc., d/b/a Integrated Orthopedics ("Orthoflex"), Motion Medical Technologies, LLC ("Motion Medical"), and Wabash Medical, LLC ("Wabash Medical") (collectively, the "Orthoflex plaintiffs")[3] sued ThermoTek in the Northern District of Illinois. In November 2010 ThermoTek filed suit against Mike Wilford ("Wilford") and WMI Enterprises, LLC ("WMI") in Texas state court, which Wilford and WMI removed to this court (No. 3:10-CV-2618-D). In April 2011 the Northern District of Illinois transferred the first-filed case to this court (No. 3:11-CV-0870-D).

Thereafter, Wilford filed in No. 3:10-CV-2618-D a motion to consolidate the two lawsuits for discovery, with a decision to be made later regarding whether the cases should be consolidated for trial. In No. 3:11-CV-0870-D ThermoTek filed a motion to consolidate the two cases for all purposes, not merely for the limited purpose of discovery coordination. In a July 7, 2011 order, the court granted both motions to the extent that it consolidated the

---

[2]*See, e.g., Orthoflex, Inc. v. ThermoTek, Inc.*, ___ F.Supp.2d ___, 2013 WL 6061346, at *1-3 (N.D. Tex. Oct. 31, 2013) (Fitzwater, C.J.).

[3]In prior memorandum opinions and orders in this case, the court has referred collectively to Orthoflex, Motion Medical, Wabash Medical, Mike Wilford, and Tri 3 Enterprises, LLC as "plaintiffs." *See, e.g., Orthoflex, Inc. v. ThermoTek, Inc.*, 2013 WL 3213311, at *1 (N.D. Tex. June 26, 2013) (Fitzwater, C.J.). The Orthoflex plaintiffs are a subset of that group.

two suits for all purposes under No. 3:11-CV-0870-D,[4] without prejudice to deciding later such questions whether it should order separate trials under Fed. R. Civ. P. 42(b) and/or realign the parties. The court noted that the parties did not disagree that the cases should be consolidated, and that their dispute lay in whether the court should consolidate the cases for all purposes or, at that juncture, for discovery alone. The court explained:

> Having considered the parties' positions, the court concludes in its discretion that it should consolidate the two cases for all purposes, leaving open for later determination, and in light of how the litigation develops, at least the questions whether it should order separate trials under Rule 42(b) and/or realign the parties.

July 7, 2011 Order 2. ThermoTek now moves to realign the parties, contending that developments in the case have significantly shifted the ultimate burden of proof from the Orthoflex plaintiffs to ThermoTek. Motion Medical, Wabash Medical, Wilford, Thermo Compression Solutions, LLC ("TCS, LLC"), and Tri 3 Enterprises, LLC ("Tri 3") (collectively, "Motion Medical et al.") oppose the motion.

II

"Proper alignment of parties lies within the discretion of the court." *State Farm Fire & Cas. Co. v. Woods*, 129 F.3d 607, 1997 WL 680844, at *1 (5th Cir. Sept. 19, 1997) (unpublished opinion) (citing *Lloyd v. Pendleton Land & Exploration, Inc.*, 22 F.3d 623, 625 (5th Cir. 1994)). "It is elemental that the party who files a lawsuit is designated as the plaintiff." *Ericsson Inc. v. Harris Corp.*, 1999 WL 604827, at *2 (N.D. Tex. Aug. 11, 1999)

---

[4]Although No. 3:11-CV-0870-D was the higher-numbered case, it was filed first.

(Fitzwater, J.). "This designation is based on the party's burden to prove the claims initially asserted in the lawsuit." *Id.* "A court normally will not realign the parties from their original designations unless the plaintiff no longer retains the burden to prove at least one of its claims or if subsequent events in the case significantly shift the ultimate burden of proof from the plaintiff to the defendant." *Id.*

III

Based on rulings of the court and refined pleadings, the claims remaining for trial have been reduced to these: (1) the Orthoflex plaintiffs' claim against ThermoTek for breach of express warranty; (2) ThermoTek's claim against Wilford for fraud; (3) ThermoTek's claim against Motion Medical, Wabash Medical, and Tri 3[5] for breach of contract; (4) ThermoTek's claim against Melissa Wojcik ("Wojcik")[6] for breach of contract; and (5) ThermoTek's claim against Wilford, Wojcik, and TCS, LLC[7] for unfair competition. Thus the only claim of the Orthoflex plaintiffs that remains for trial is for breach of express warranty. Damages for that claim are limited to repair and shipping costs for in-warranty units (unless the Orthoflex plaintiffs prove that the remedy limitations provision failed of its essential purpose). *See Orthoflex, Inc. v. ThermoTek, Inc.*, 2013 WL 4045206, at *5-8 (N.D. Tex. Aug. 9, 2013) (Fitzwater, C.J.). ThermoTek, on the other hand, has four claims (of

---

[5]Tri 3 is a limited liability holding company for Motion Medical and Wabash Medical.

[6]Wojcik is a former regional sales manager for ThermoTek who, after leaving ThermoTek, worked for Wilford. ThermoTek sues Wojcik as a third-party defendant.

[7]TCS, LLC is a medical sales company that Wilford controls.

three types) remaining for trial: for fraud (one claim), breach of contract (two claims), and unfair competition (one claim).  *See Orthoflex, Inc. v. ThermoTek, Inc.*, ___ F.Supp.2d ___, 2013 WL 6980482, at *2 & n.6 (N.D. Tex. Dec. 10, 2013) (Fitzwater, C.J.).  Damages for these claims potentially include lost profits, disgorgement, engineering costs, and injunctive relief.  ThermoTek's claims also involve expert testimony from engineers and expert damages calculations from a certified public accountant, whereas the Orthoflex plaintiffs have no expert to testify with respect to their claim for breach of express warranty other than Wilford himself.

Motion Medical et al. oppose realignment, arguing that the Orthoflex plaintiffs still maintain the burden of proof as to their originally-filed claim, and because that claim was filed first, they should remain the plaintiffs at trial.  But this argument focuses on only part of the general rule concerning realignment.  In *Ericsson* this court noted that "[a] court normally will not realign the parties from their original designations unless the plaintiff no longer retains the burden to prove at least one of its claims *or if subsequent events in the case significantly shift the ultimate burden of proof from the plaintiff to the defendant.*"  *Ericsson*, 1999 WL 604827, at *2 (emphasis added).[8]  Where, as here, ThermoTek has demonstrated that subsequent events in the case have significantly shifted the ultimate burden of proof from the Orthoflex plaintiffs to ThermoTek, the court in its discretion can realign the parties.

---

[8]In *Ericsson* the court found no basis to conclude that subsequent events in the case had in fact significantly shifted the ultimate burden of proof.  But *Ericsson* is distinguishable from the instant case.

Motion Medical et al. also maintain that ThermoTek is requesting realignment merely because it has a greater number of claims remaining for trial. The court disagrees. Although ThermoTek does have a comparatively greater number of remaining claims to be tried, the *nature* of the claims also favors realigning the parties. ThermoTek essentially maintains that Wilford reported ThermoTek product failures—which he caused by intentionally misusing or breaking the products—so that he could obtain design information to create competitor products. The Orthoflex plaintiffs essentially posit that the product failures were genuine and that the failures support valid warranty claims against ThermoTek. In order for ThermoTek to present its theory of the case, it will be necessary for ThermoTek to introduce evidence relating to the entire scope of the relationship between Wilford and ThermoTek (and the various entities Wilford represented), which spanned several years. By contrast, it will only be necessary for the Orthoflex plaintiffs to present evidence about a relatively small component of the litigation: a select number of units that were under warranty and sold during a relatively narrow period.[9] Moreover, if ThermoTek presents evidence—and the jury

---

[9]In addressing the Orthoflex plaintiffs' breach of express warranty claim in the context of summary judgment, the court concluded:

> Because the express warranties require ThermoTek to pay for the repairs and the return shipping, plaintiffs have raised a genuine issue of material fact as to the repairs and return shipping that they paid for the repairs themselves or for the return shipping. There is no other evidence, however, that ThermoTek failed to repair or replace defective VascuTherm units.

*Orthoflex, Inc.*, 2013 WL 4045206, at *6 (footnote omitted).

believes—that Wilford intentionally misused or broke ThermoTek's products, this proof would undermine the Orthoflex plaintiffs' breach of express warranty theory. Accordingly, the logical relationship between the two sides' theories, as well as the nature of the evidence that the court anticipates will be presented at trial, supports the conclusion that ThermoTek should present its case first.

Viewing the facts and procedural posture holistically, the court concludes that subsequent events in the case have significantly shifted the ultimate burden of proof from the Orthoflex plaintiffs to ThermoTek, such that the parties should be realigned.

IV

The court therefore realigns the parties as follows:

ThermoTek is realigned as the plaintiff-counterdefendant;

Orthoflex, Motion Medical, and Wabash Medical are realigned as defendants-counterplaintiffs;[10] and

Wilford, TCS, LLC, Tri 3, and Wojcik are realigned as defendants.

Due to the voluminous record in these consolidated cases, the court for clarity will not change the caption. It will consider, however, using a modified caption in connection with the trial itself (e.g., the jury charge).

---

[10]Motion Medical et al. contend that realigning the parties will confuse the jury because Orthoflex will be considered a "defendant" even though ThermoTek has no claim against it. The court can address the potential for any such confusion by appropriately instructing the jury. Because such instructions can be easily given and followed, this is not a sufficient basis to deny ThermoTek's motion.

* * *

For the reasons explained, the court grants ThermoTek's December 10, 2013 motion to align the parties.

**SO ORDERED.**

January 29, 2014.

                                                                             _____
                                                                             SIDNEY A. FITZWATER
                                                                             CHIEF JUDGE