IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORTHOFLEX, INC. d/b/a/ | § | |
| INTEGRATED ORTHOPEDICS, et al., | § | |
| | § | |
| Plaintiffs-Counterdefendants, | § | |
| | § | Civil Action No. 3:11-CV-0870-D |
| VS. | § | (Consolidated with |
| | § | Civil Action No. 3:10-CV-2618-D) |
| | § | |
| THERMOTEK, INC., | § | |
| | § | |
| Defendant-Counterplaintiff- | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| MIKE WILFORD, | § | |
| | § | |
| Consolidated Defendant, | § | |
| | § | |
| VS. | § | |
| | § | |
| WMI ENTERPRISES, LLC, et al., | § | |
| | § | |
| Third-Party Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff-counterdefendant ThermoTek, Inc. ("ThermoTek")[1] objects to the magistrate

judge's March 17, 2015 memorandum opinion and order granting in part ThermoTek's third

---

[1]In a memorandum opinion and order filed on January 29, 2014, the court realigned the parties, although it stated that, due to the voluminous record, it would not at this time change the caption. *Orthoflex, Inc. v. ThermoTek, Inc.*, 2014 WL 320155, at *3 (N.D. Tex. Jan. 29, 2014) (Fitzwater, C.J.). In this memorandum opinion and order, the court refers to the parties as realigned.

motion for sanctions, and to the magistrate judge's April 28, 2015 memorandum opinion and order granting the request for sanctions of defendants-counterplaintiffs Orthoflex, Inc. d/b/a Integrated Orthopedics ("Orthoflex"), Motion Medical Technologies, LLC, and Wabash Medical Company, LLC, and defendant Mike Wilford ("Wilford") (collectively, "defendants").  Concluding that the magistrate judge did not abuse his discretion in either of the challenged decisions, the court affirms the memorandum opinions and orders.[2]

I

Because this case is the subject of multiple prior opinions,[3] the court will only recount the background facts and procedural history necessary to understand the present decision.

A

ThermoTek's objections to the magistrate judge's March 17, 2015 memorandum opinion and order arise out of a prolonged dispute between ThermoTek and defendants regarding prior discovery orders of the magistrate judge.  In August 2011 ThermoTek filed a motion to compel and for sanctions ("first motion for sanctions"), alleging that defendants had failed to conduct a proper document collection and production.  On July 11, 2012 Judge Stickney granted in part and denied in part ThermoTek's first motion to compel, concluding that defendants "ha[d] not conducted a thorough search for documents and electronically

---

[2]As with many filings in this case, the parties have filed sealed briefs and appendixes concerning ThermoTek's objections.  The court concludes, however, that this memorandum opinion and order need not be sealed.

[3]*See, e.g., Orthoflex, Inc. v. ThermoTek, Inc.*, 983 F.Supp.2d 866, 869-872 (N.D. Tex. 2013) (Fitzwater, C.J.).

stored information responsive to ThermoTek's discovery requests," *Orthoflex, Inc. v. ThermoTek, Inc.*, No. 3:11-CV-0870-D, order at 1 (N.D. Tex. July 11, 2012) (Stickney, J.) ("July 11, 2012 Order"), and that they had "failed to produce a log of responsive documents withheld on the basis of privilege or trade secret protection," *id.* at 2. He denied ThermoTek's motion for sanctions without prejudice "to the extent that no sanctions, attorneys' fees, or costs are imposed at this time." *Id.*

In October 2012 ThermoTek filed a motion for contempt and sanctions ("second motion for sanctions"), asserting that defendants' *supplemental* document production failed to comply with the July 11, 2012 Order because it still did not include many of the documents that ThermoTek had obtained through third-party productions. ThermoTek asserted, *inter alia*, that Wilford had failed to direct key employees to collect or produce responsive documents; that John Crane, Orthoflex's President, had destroyed the contents of his entire hard drive; and that Wilford had told a former employee, Melissa Wojcik, to destroy documents. ThermoTek sought severe sanctions in the form of a spoliation instruction and an order striking Wilford's defenses to liability. Following a hearing, Judge Stickney denied ThermoTek's second motion for sanctions, and ThermoTek appealed. The court concluded on review that ThermoTek had raised colorable arguments in support of the motion for sanctions and that the magistrate judge's order did not provide a sufficient explanation for why ThermoTek was not entitled to the relief sought. The court vacated the magistrate judge's order and re-referred ThermoTek's second motion for sanctions for further proceedings.

- 3 -

Thereafter, Judge Stickney conducted a discovery conference at which the parties resolved several disputed matters by agreement, and he ruled on remaining disputed matters, as memorialized in an order issued on February 19, 2014. *See Orthoflex, Inc. v. ThermoTek, Inc.*, 3:11-CV-0870-D, order at 1-4 (N.D. Tex. Feb. 19, 2014) (Stickney, J.) ("February 19, 2014 Order"). The parties agreed, and Judge Stickney ordered, *inter alia*, that defendants would produce certain documents at various deadlines, and he established a schedule of discovery conferences to provide continuous supervision of the rolling document production. Judge Stickney set June 18, 2014 as the fixed deadline for defendants to complete their document production. Regarding the second motion for sanctions, ThermoTek agreed to withdraw its request for attorney's fees without prejudice to later reasserting it, and Judge Stickney deferred until trial ThermoTek's request for a spoliation instruction.

On September 12, 2014 ThermoTek filed the instant third motion for sanctions, contending that sanctions were warranted because the documents produced pursuant to the February 19, 2014 Order contained evidence of egregious discovery misconduct by defendants, including: (1) destroying or deleting documents; (2) manufacturing and/or tampering with evidence before it was produced; (3) failing to disclose massive changes in defendants' corporate structure; and (4) intentionally misleading the court through false deposition testimony. ThermoTek also contended that defendants had still not produced all documents ordered produced, and had failed to maintain an adequate privilege log identifying documents withheld from production despite multiple orders to compel. ThermoTek requested sanctions in the form of (1) a conclusive finding that Wilford, the defendant

entities, and non-party Wilford-related entities, including WMI Enterprises, LLC ("WMI"),

Hoosier Medical LLC ("Hoosier Medical"), CMW Partners, LLC ("CMW Partners"), CMW

Medical LLC ("CMW Medical"), and Compression Therapy, LLC ("Compression

Therapy"), are all alter egos, and a ruling that adds the non-party entities defendants in this

action; (2) a default judgment against all defendants and the non-party Wilford-related

entities; (3) a spoliation instruction; and (4) an award of attorney's fees that ThermoTek had

incurred.

Following a hearing, Judge Stickney granted in part, and denied in part ThermoTek's

motion.  In his March 17, 2015 memorandum opinion and order, he concluded, in pertinent

part:

> Wilford made only a haphazard effort at document collection in
> response to [the magistrate judge's] February 19, 2014 order and
> plainly failed to give his discovery obligations the attention they
> required.  He attempted to collect all the responsive documents
> himself without assistance from his lawyers or any of his
> employees and failed to utilize any system to keep track of what
> had been produced.  He predictably lost track of whether
> responsive documents were delivered to his lawyers and
> produced to ThermoTek.

*Orthoflex, Inc. v. ThermoTek, Inc.*, No. 3:11-CV-0870-D, Mem. Op. at 9 (N.D. Tex. Mar. 17,

2015) (Stickney, J.).  Judge Stickney also noted that this was not the first time Wilford had

failed to comply with discovery obligations, and that Wilford had been admonished before

for not conducting a thorough search for documents.  Accordingly, Judge Stickney found that

"Wilford's latest failure to make a proper document collection constitutes gross negligence,

at least, and warrants the imposition of sanctions."  *Id.*

With respect to ThermoTek's allegations that defendants manufactured and/or tampered with evidence before it was produced, Judge Stickney found that although defendants' explanation for the errors in the documents produced was reasonably plausible and that they did not manufacture evidence for an illegitimate purpose, this did not excuse Wilford's repeated failure to conduct a proper document production. Therefore, Judge Stickney concluded:

> Wilford once again attempted to collect responsive documents without assistance from his lawyers or his employees and did so in a haphazard and unconventional manner. He was not forthcoming about the problems he encountered in collecting the invoices, and his silence rendered his production unnecessarily confusing. Wilford's cavalier attitude towards his discovery obligations and this court's orders combined with the Defendants' lack of candor regarding their production supports the imposition of sanctions.

*Id.* at 12-13.

With respect to ThermoTek's allegations that defendants had failed to disclose massive changes in their corporate structure, Judge Stickney declined to make any credibility determination regarding defendants' contention that Wilford genuinely forgot about the undisclosed entities, but he determined that

> even without a finding that Wilford's deposition testimony was false and misleading, the fact that Defendants failed to timely disclose the existence of Hoosier Medical, LLC, CMW Medical LLC, and Compression Therapy LLC is another example of Defendants' neglectful attitude toward their discovery obligations that warrants the imposition of sanctions.

*Id.* at 14.

- 6 -

Regarding other alleged instances of false and misleading testimony or statements, Judge Stickney determined that Wilford had made clearly false statements regarding the full scope of defendants' relationship with Cadence Advisory Partners ("Cadence") and the documents Cadence generated, but he did not find any other instances of false or misleading deposition testimony, or evidence that defendants' counsel had made knowingly false representations to the court, and did not rely on any alleged false deposition testimony from 2011 or 2014 to support the award of sanctions.

Finally, with respect to ThermoTek's allegations that defendants had improperly destroyed or deleted documents in their possession or instructed others to do so, Judge Stickney concluded that the record evidence "highlights that material fact issues exist as to whether Defendants[] improperly withheld or destroyed responsive documents in their possession . . . [and] underscores a pattern of neglect on Wilford's part with regard to his discovery obligations." *Id.* at 19.

Having determined that defendants' conduct warranted the imposition of sanctions, Judge Stickney considered the broad choice of remedies and penalties available to address defendants' discovery misconduct, informed by the following non-exclusive list of factors: (1) whether the failure to comply with the court's order resulted from willfulness or bad faith; (2) whether the other party's preparation for trial was substantially prejudiced; (3) whether the improper behavior was attributable to the attorney rather than the client; and (4) whether the party's simple negligence was grounded in confusion or sincere misunderstanding of the court's orders.  Judge Stickney concluded that defendants' discovery misconduct constituted

at least gross negligence; that the misconduct was directly attributable to defendants, not their attorneys, and did not arise out of confusion or sincere misunderstanding; that ThermoTek's preparation for trial was prejudiced in the form of significant delay and substantial additional costs, but that ThermoTek had not been denied the opportunity to pursue a tortious interference claim; and that the record failed to establish that Wilford had withheld documents and intentionally deprived ThermoTek of evidence. Based on the relevant standards, Judge Stickney concluded that the appropriate sanction was to award ThermoTek the reasonable attorney's fees it had incurred from February 19, 2014 through November 3, 2014 that were attributable to defendants' discovery misconduct. He also held that an award of fees would substantially address the prejudice that ThermoTek had suffered and would achieve the desired deterrent effect of Fed. R. Civ. P. 37, and that more severe sanctions were not appropriate under the circumstances. Finally, Judge Stickney determined that there were disputed fact issues concerning whether any evidence was actually destroyed, and if so, whether the destruction occurred in bad faith. Concluding that the question of intent ultimately turns on factual matters best decided in the context of trial, he deferred consideration of ThermoTek's renewed request for a spoliation instruction until trial, and denied the request without prejudice.[4]

ThermoTek objects to the March 17, 2015 memorandum opinion and order. It does not challenge Judge Stickney's conclusion that defendants engaged in grossly negligent

---

[4]In affirming this ruling, the court does not suggest that the question whether evidence was spoliated is an issue to be addressed in the jury's presence or decided by the jury.

misconduct with respect to their discovery obligations or his award of attorney's fees and expenses.  Instead, ThermoTek contends that the sanction Judge Stickney imposed is inadequate, asks the court to hold that it was clear error not to impose more severe sanctions, and requests that the court enter a default judgment and conclusive findings of alter ego against defendants and the related entities.

B

ThermoTek also objects to Judge Stickney's April 28, 2015 memorandum opinion and order awarding defendants Rule 37 sanctions in the form of attorney's fees and expenses. The April 28 ruling arises from a dispute between ThermoTek and defendants regarding document OPWIL0006036-6902, a 510(k) premarket notification submission (the "ThermoTek 510(k)") that ThermoTek submitted to the U.S. Food and Drug Administration ("FDA") and that contains details about the medical technology for its VascuTherm System. In 2010 ThermoTek produced a copy in this litigation and designated the document "confidential" pursuant to the terms of the parties' October 8, 2010 stipulated protective order ("Protective Order").  Defendants also obtained a copy of a "releasable version" of the ThermoTek 510(k) directly from the FDA website, and used a copy of the releasable version as an exhibit during the deposition of ThermoTek's Rule 30(b)(6) witness.  The following day, ThermoTek designated the entire document as "confidential" under the Protective Order.

Defendants objected to the "confidential" designation and filed a motion to compel ThermoTek to withdraw the designation and for sanctions.  After the motion was filed, ThermoTek advised defendants that, pursuant to its discussions with the FDA, 27 pages from

the releasable version of Thermotek's 510(k) had been removed from the FDA's publically-available website, and that those pages would continue to be designated "confidential." ThermoTek advised that all other pages of the releasable version had been de-designated.

Following a hearing, Judge Stickney denied defendants' motion to compel and for sanctions. *See Orthoflex, Inc. v. ThermoTek, Inc.*, No. 3:11-CV-0870-D, mem. op. at 1 (N.D. Tex. Oct. 2, 2012) (Stickney, J.) ("October 2, 2012 Order"). Applying Texas privilege law, Judge Stickney concluded that the 27 pages in dispute contained proprietary information that remained subject to the Protective Order under the "attorney's eyes only" provision, and that ThermoTek had not waived the privilege. Defendants sought review of Judge Stickney's order. Concluding that Judge Stickney had erred in deciding the motion under Texas privilege law rather than under the terms of the parties' stipulated protective order, this court reversed the order and granted defendants' motion to compel ThermoTek to withdraw its designation. The court also remanded the matter to Judge Stickney to address defendants' request for sanctions, without suggesting whether sanctions should be imposed. *Orthoflex, Inc. v. ThermoTek, Inc.*, 2013 WL 3095106, at *4 (N.D. Tex. June 20, 2013) (Fitzwater, C.J.).

Thereafter, Judge Stickney reviewed defendants' request for sanctions under Rule 37 and the court's inherent power and concluded in his April 28, 2015 memorandum opinion and order that, because ThermoTek's refusal to withdraw its "confidential" designation on select pages of ThermoTek's 510(k) was not substantially justified, defendants were entitled to recover their expenses, including reasonable attorney's fees, incurred in connection with

bringing their motion to compel.  Concluding that Rule 37 sanctions were sufficient to address ThermoTek's refusal to withdraw its "confidential" designation as to the 27 pages in dispute, Judge Stickney declined to exercise any inherent power to sanction ThermoTek.

ThermoTek objects to Judge Stickney's April 28, 2015 memorandum opinion and order, contending that the award of attorney's fees is clearly erroneous.  ThermoTek maintains that Judge Stickney abused his discretion in awarding Rule 37 sanctions because the designation of the 27 pages in dispute as "confidential" was substantially justified, as demonstrated by the fact that Judge Stickney initially concluded in 2012 that the 27 pages were properly designated as "confidential," because ThermoTek's actions to protect its confidential information were reasonable, and because defendants were never deprived access to the documents for use in the litigation.

II

ThermoTek's objections to Judge Stickney's discovery orders are governed by Rule 72(a), which provides, in pertinent part, that "[t]he district judge . . . must . . . modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."  Rule 72(a).  "When a party appeals a magistrate judge's order, [it] must demonstrate how the order is reversible under the applicable standard of review—*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Jefferson-Pilot Life Ins. Co. v. Bellows*, 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003) (Fitzwater, J.). "The clearly erroneous standard applies to the factual components of the magistrate judge's decision." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996)

(Fitzwater, J.) (quoting *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (Fitzwater, J.)) (internal quotation marks omitted).  "The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed."  *Id.* (quoting *Smith*, 154 F.R.D. at 665) (internal quotation marks and brackets omitted).  "If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it."  *Id.* (quoting *Smith*, 154 F.R.D. at 665) (internal quotation marks omitted).  The legal conclusions of the magistrate judge are reviewed *de novo*, and the district judge "reverses if the magistrate judge erred in some respect in her legal conclusions."  *Id.* (citing *Smith*, 154 F.R.D. at 665).  "[T]he abuse of discretion standard governs review of that vast area of . . . choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous."  *Id.* (quoting *Smith*, 154 F.R.D. at 665) (alteration and ellipsis in original; internal quotation marks omitted).

III

The court turns first to ThermoTek's objections to Judge Stickney's March 17, 2015 memorandum opinion and order.

A

The court begins by addressing the applicable standard of review.  ThermoTek asks the court to hold that it was "clear error not to impose more severe sanctions on Defendants," ThermoTek 3/31/15 Br. at 2, suggesting that ThermoTek is relying on the clearly erroneous standard that applies to review of a magistrate judge's fact findings.  But ThermoTek also

states that it does not challenge Judge Stickney's findings regarding defendants' grossly negligent misconduct; instead, it objects to the sanction imposed, contending that "more is required to adequately punish the Defendants and cure the prejudice caused by the Defendants' repeated and egregious conduct." *Id.* Because it appears that ThermoTek is not challenging Judge Stickney's fact findings or his legal conclusions, but is instead objecting to the sanction that he deemed was warranted by defendants' miscreance, the court concludes that the appropriate standard of review is abuse of discretion, and will analyze Judge Stickney's decision accordingly. *See, e.g., Tollett v. City of Kemah*, 285 F.3d 357, 362 (5th Cir. 2002) (citing *Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952 (5th Cir. 2001); *Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001); *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)) ("We review for abuse of discretion the imposition of sanctions, whether pursuant to Rules 11 or 37 or the district court's inherent power.").[5]

B

ThermoTek maintains that Judge Stickney erred in concluding that awarding ThermoTek its reasonable expenses and attorney's fees incurred from February 19, 2014 through November 3, 2014 that were attributable to defendants' discovery misconduct would substantially address the prejudice ThermoTek suffered and achieve the desired deterrent effect of Rule 37, and concluding that more severe sanctions were not appropriate under the circumstances. ThermoTek contends that, "considering the nature of this case and the

---

[5]Even if the court were to review for clear error, it would still affirm.

ongoing profit Defendants stood to gain by delaying this case and stonewalling document production as long as they did, the imposition of fees and expenses is just not enough," and that in concluding that more severe sanctions were not appropriate, Judge Stickney ignored the punitive and deterrent aspects of Rule 37 sanctions.   ThermoTek 3/31/15 Br. at 6. ThermoTek argues that Judge Stickney should have entered a default judgment against all defendants, or, alternatively, imposed a spoliation instruction based on the misrepresentations and destruction of records by defendants, as well as a conclusive finding that Wilford, the defendant entities, and non-party Wilford-related entities, including WMI, Hoosier Medical, CMW Partners, CMW Medical, and Compression Therapy are all alter egos of each other, and requests that the court now impose such sanctions.

The sanctions available under Rule 37 are flexible, and the court has broad discretion to apply them in as many or varied forms in light of the facts of each case.  *See Guidry v. Cont'l Oil Co.*, 640 F.2d 523, 533 (5th Cir. Mar. 1981).  "An abuse of discretion exists only when there is definite and firm conviction that the court below committed clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."  *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994) (internal quotation marks omitted).  "Rule 37 only requires the sanctions the Court imposes hold the scales of justice even."  *Guidry*, 640 F.2d at 533 (citations omitted) (internal quotation marks omitted).  Extreme sanctions, such as the ones ThermoTek seeks, are "remed[ies] of last resort which should be applied only in extreme circumstances."  *Butler v. Cloud*, 104 Fed. Appx. 373, 374 (5th Cir. 2004) (per curiam) (quoting *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985))

- 14 -

(internal quotation marks omitted).  Such extreme sanctions are appropriate only when the deterrent value of Rule 37 cannot be achieved by using less drastic measures.  *See Batson*, 765 F.2d at 514.

C

ThermoTek has failed to demonstrate that Judge Stickney abused his discretion in his choice of sanctions.  Judge Stickney conducted a detailed review of the facts leading to the dispute addressed by ThermoTek's third motion for sanctions; he correctly stated the legal standard for deciding a motion for sanctions under Rule 37; and he did not clearly err in finding that defendants had engaged in discovery misconduct that was at least grossly negligent, and that Rule 37 sanctions were warranted.  He did not abuse his discretion in deciding that awarding ThermoTek its fees and expenses would substantially address the prejudice that ThermoTek had suffered and achieve the desired deterrent effect.  In doing so, he considered the relevant factors that the Fifth Circuit recognizes as appropriate when choosing an appropriate sanction, the prejudice to ThermoTek resulting from defendants' discovery misconduct, and the need to deter future misconduct weighed against the requirement that the court award the least severe sanctions necessary to serve Rule 37's purposes.  ThermoTek has therefore failed to demonstrate that Judge Stickney abused his discretion in concluding that awarding ThermoTek its attorney's fees and expenses adequately addresses the prejudice that ThermoTek suffered and the desired deterrent effect of Rule 37.  Accordingly, the court affirms the March 17, 2015 memorandum opinion and order.

IV

The court now considers ThermoTek's objections to Judge Stickney's April 28, 2015 memorandum opinion and order.

A

ThermoTek contends that Judge Stickney abused his discretion in concluding that ThermoTek was not substantially justified in its refusal to remove the "confidential" designation from 27 pages of the ThermoTek 510(k) and in awarding sanctions to defendants in the form of attorney's fees and expenses.   ThermoTek argues that its actions were reasonable and that defendants were not prejudiced by the refusal to remove the "confidential" designation because they still had access to the documents for use in the litigation under the terms of the Protective Order.   As evidence that its actions were substantially justified, ThermoTek also relies on Judge Stickney's initial determination that the precautions ThermoTek took to prevent disclosure were entirely reasonable.

B

Under Rule 37, when a motion for an order compelling discovery is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless, *inter alia*, "the opposing party's nondisclosure, response, or objection was substantially justified."   Rule 37(a)(5)(A).   A party's discovery conduct is "substantially justified under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *S.E.C.*

*v. Kiselak Capital Grp., LLC*, 2012 WL 369450, at \*5 (N.D. Tex. Feb. 3, 2012) (McBryde,

J.) (quoting *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993)) (internal

quotation marks omitted).  The burden is on ThermoTek to show that its actions were

substantially justified.  *See Poly-America, L.P. v. Stego Indus., LLC*, 2011 WL 1583913, at

\*2 (N.D. Tex. Apr. 26, 2011) (Fish, J.) (citing *Avance v. Kerr-McGee Chem., LLC*, 2006 WL

3912472, at \*2 (E.D. Tex. Dec. 4, 2006)).

C

ThermoTek has failed to demonstrate that Judge Stickney abused his discretion[6] in

holding that ThermoTek's conduct was not substantially justified.  As Judge Stickney noted

in his memorandum opinion and order, there was never any dispute that the ThermoTek

510(k) was disclosed publically by the FDA, or that the Protective Order expressly provided

that information produced in this lawsuit should not be designated as confidential if it was

known to the public.  Judge Stickney therefore did not abuse his discretion in concluding that

reasonable people could not differ as to whether ThermoTek's insistence on maintaining the

confidential designation for publically-disclosed documents was inappropriate.

The fact that Judge Stickney initially ruled in ThermoTek's favor does not change this

conclusion.  Judge Stickney relied on Texas privilege law.  The court held in its June 20,

2013 memorandum opinion and order that the question was not governed by Texas privilege

law but by the Protective Order.  "The parties' mutual intent, as reflected within the four

---

[6]Nor has it shown that he clearly erred.

corners of the Protective Order," demonstrates that "because the information in question was disclosed publically . . . then regardless why the information was disclosed, it does not qualify under . . . the Protective Order to be designated as 'confidential.'" *Orthoflex*, 2013 WL 3095106, at *4. This ruling is the law of the case and supersedes Judge Stickney's contrary decision. When a judge's ruling is reversed, this does not mean that reasonable people could differ about the appropriateness of a party's conduct during discovery. If it did, an erroneous (indeed, a reversed) judicial decision would still have the effect of insulating a party from Rule 37 sanctions.

The court therefore concludes that Judge Stickney did not abuse his discretion in deciding that ThermoTek was not substantially justified in refusing to remove the "confidential" designation from 27 pages of the ThermoTek 510(k). Accordingly, the court affirms his April 28, 2015 memorandum opinion and order.

\* \* \*

For the reasons explained, the court concludes that Judge Stickney did not abuse his discretion in awarding ThermoTek Rule 37 sanctions in his March 17, 2015 memorandum opinion and order or in awarding defendants Rule 37 sanctions in his April 28, 2015 memorandum opinion and order. His memorandum opinions and orders are therefore

AFFIRMED.

July 23, 2015.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 18 -