

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THERMOTEK, INC., | § |
|     Plaintiff/Counter-Defendant, | § |
| | § |
| v. | § |
| ORTHOFLEX, INC. d/b/a | § |
| INTEGRATED ORTHOPEDICS, | § |
| MOTION MEDICAL | § |
| TECHNOLOGIES, L.L.C., and | § |
| WABASH MEDICAL CO., L.L.C., | § |
|     Defendants/Counter-Plaintiffs, | § |
| and | § |
| MIKE WILFORD, THERMO | § |
| COMPRESSION SOLUTIONS, L.L.C., | § |
| and TRI 3 ENTERPRISES, L.L.C., | § |
|     Defendants. | § |

No. 3:11-CV-870-D
(Consolidated with
No. 3:10-CV-2618-D)

## MEMORANDUM OPINION AND ORDER

Before the Court is ThermoTek's Motion to Determine the Amount of Attorneys' Fees and

Expenses Owed to ThermoTek as Sanctions [ECF No. 711]. Pursuant to 28 U.S.C. § 636(b), the

District Court referred this motion to the United States Magistrate Judge for determination and/or

recommendation. *See* Order Referring Mot. [ECF No. 713]. The Court held a hearing on this

matter on September 19, 2016. *See* Order [ECF No. 805]. The Court also considered Defendants'

attorneys' fees and expenses from their Motion to Compel. *See* Mem. Op. & Order [ECF No. 560].

For the following reasons, the Court determines that ThermoTek is entitled to recover $247,566.40

in attorneys' fees and expenses and Defendants are entitled to $37,114.31 in attorneys' fees and

expenses.

### Background

On March 17, 2015, this Court granted ThermoTek's Motion for Sanctions awarding

reasonable expenses and attorneys' fees incurred from February 19, 2014, through November 3,

2014, that were attributable to discovery misconduct by Defendants Mike Wilford ("Wilford"),

Orthoflex, Inc. ("Orthoflex"), d/b/a Integrated Orthopedics, Motion Medical Technologies, L.L.C., Wabash Medical, L.L.C., Thermo Compression Solutions, L.L.C., and Tri 3 Enterprises, L.L.C. (collectively, "Defendants"), including fees incurred in bringing the motion. *See* Mem. Op. & Order 1, 22 [ECF No. 532]. On December 9, 2015, ThermoTek filed its Motion to Determine [ECF No. 711] the amount. ThermoTek requests attorneys' fees and expenses in the following amounts:

1.   Attorney fees: $350,023.50
2.   Expenses: $95,604.71
3.   Fees for compiling billing and invoices: $1,526.00
4.   Total: $447,154.21

Defs.' Object 2 [ECF No. 553]. ThermoTek bases these amounts on its Declaration of Christopher McDowell (the "Declaration") submitted by affidavit on April 1, 2015. Decl. 3-5; *see* Order [ECF No. 800]. Orthoflex objects to these amounts on multiple grounds and argues ThermoTek should not recover more than $88,776.20. *See* Defs.' Obj. 1 [ECF No. 553].

First, Defendants argue the Court should reduce ThermoTek's attorneys' fees by $238,838.00 for a total remaining amount of $111,185.50. Defs.' Summary of Reductions from Defs.' Objections; Defs.' Summary of Calculations of Amount Remaining After Initial Reductions.[1] Second, the Court should reduce ThermoTek's expenses by $94,988.76. Sum. of Calc. Defendants do not dispute the fees for compiling billing and invoices of $1,526.00. *Id.* Defendants argue that the Court should reduce the attorneys' fees amount further to $81,837.50, and then reduce again by 30-70% based upon the holdings of *Bramlett* and *Barrow* alleging ThermoTek engaged in block billing, recorded vague hourly entries, and failed to exercise billing judgment. Defs.' Obj. 21-24 [ECF No. 553]; *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*,

---

[1] The Court abbreviates Defs.' Summary of Reductions from Defs.' Objections as "Sum. of Red." and Defs.' Summary of Calculations of Amount Remaining After Initial Reductions as "Sum. of Calc." for ease of reference.

No. 3:09-CV-1596-D, 2010 WL 3294248, at *3 (N.D. Tex. Aug. 20, 2010); *Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-CV-0913-D, 2005 WL 6789456, at *5 (N.D. Tex. Dec. 20, 2005), *aff'd*, 2007 WL 3085028 (5th Cir. 2007). Defendants contend that ThermoTek is seeking recovery of all of its fees and expenses from February 19, 2014, through November 3, 2014, not just those associated with discovery misconduct. Defs.' Obj. 2 [ECF No. 553].

Defendants also seek a determination of their attorneys' fees and expenses from the successful prosecution of its Motion to Compel ThermoTek to withdraw certain pages of its 501(k) submission to the United States Food and Drug Administration ("FDA") deemed as "confidential." Defs.' Resp. 1 [ECF No. 725]. *See infra* Part IV.

The issues have been fully briefed and are ripe for determination.

## Legal Standard

This Court imposed sanctions against Defendants under Rule 37 and found the appropriate award was ThermoTek's reasonable expenses and attorneys' fees. Mem. Op. & Order 22, 24 [ECF No. 532]. This Court must now specifically determine that amount. "The court follows a two-step process for determining this amount. First, the court 'calculates the 'lodestar' which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented.'" *Hoffman v. L & M Arts*, No. 3:10-CV-0953-D, 2015 WL 3999171, at *1 (Fitzwater, J.) (N.D. Tex. July 1, 2015); *Bramlett*, 2010 WL 3294248, at *2 ("To calculate the amount of a reasonable attorney's fee, the court begins by 'determin[ing] the compensable hours from the attorneys' time records, including only hours reasonably spent.'") (Fitzwater, J.) (quoting *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993)); *Hensley v. Eckerhart,* 461 U.S. 424, 433-34 (1983). After calculating the lodestar, the court can adjust the lodestar amount

3

based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974);[2] *Hoffman*, 2015 WL 3999171, at *1 (citations omitted). The fee applicant bears the burden of substantiating both the requested hours and the hourly rates. *Hoffman*, 2015 WL 3999171, at *1 (citations omitted); *Barrow*, 2005 WL 6789456, at *2.

## I. Objections and Reductions

Before determining the amount of reasonable attorneys' fees the Court will address Defendants' objections and requests for reductions. ThermoTek requests attorneys' fees totaling $350,023.50. Decl. 3 ¶ 9. Defendants make eight objections to the attorneys' fees amount, seeking a reduction of $238,838.00 as follows:

(1) $27,790.00 for white out redactions, overly redacted time entries, and ThermoTek's calculation error;
(2) $8,817.50 for fees associated with Defendants' July 2014 Motion to Set a Schedule and Obtain Discovery;
(3) $4,300.00 for fees associated with the work performed by American National Medical Management ("ANMM") and Maldonado;
(4) $13,356.50 for fees of the August 12, 2014, deposition of WMI and Wilford;
(5) $81,371.50 for fees associated with the review of documents produced between February 13, 2014, and November 3, 2014;
(6) $4,080.00 for fees associated with trial preparation, a report to Judge Fitzwater, and emails and telephone conferences regarding the report;
(7) $13,815.00 for fees associated with status reports and hearings prior to the motion for sanctions;
(8) $85,307.50 for fees associated with "block billing" entries identified in Defendants' motion.

---

[2] These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson.*, 488 F.2d at 717-719 *abrogated by Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) ("The *Johnson* factors may be relevant in adjusting the lodestar amount, but no one factor is a substitute for multiplying reasonable billing rates by a reasonable estimation of the number of hours expended on the litigation."). "The Supreme Court has barred any use of the sixth factor." *Hoffman*, 2015 WL 3999171, at *1 n.3 (citations omitted). "And the second factor generally cannot be used as a ground for enhancing the award." *Id.* (citations omitted).

Sum. of Red.  The Court addresses each in turn.[3]

## A.

First, the Court finds that Defendants' $27,790.00 reduction request is improper. Defendants argue that some of ThermoTek's entries have been completely removed by white out or so heavily redacted that "they are tantamount to providing no description at all." Defs.' Object 6-7 [ECF No. 553].[4]  ThermoTek responds that it produced detailed billing records and adequate descriptions of the processes utilized to insure compliance with this Court's order.  Pl.'s Resp. 4 [ECF No. 561].[5]  ThermoTek argues that it removed entries that were not related to discovery misconduct and the redactions were to protect attorney-client privilege and attorney work product. *Id.* [ECF No. 561].  The Court agrees with ThermoTek.  In reviewing the records in dispute, ThermoTek produced detailed billing records and limited the time for those records from February 2014 to November 2014.  Decl. 14-34.  In the Court's review of the original un-redacted entries, the redacted or white out portions were made while counsel was still preparing for trial and does not make the record unidentifiable in describing the work performed.  The redacted portions contain attorneys' mental impressions, strategy, and work product.  *Id.*  This Court shall address any inadequate or over redacted entries in its percentage reduction of the lodestar.  *See infra* Part III.B.  Further, Defendants' calculation of the McDowell Declaration is incorrect. In this Court's calculation of the total hours claimed by ThermoTek, along with the billing rates, the amount is $350,023.50.  Defs.' Obj. 7 [ECF No. 553].  The Court overrules Defendants' objections for the remaining $21,970.00.  *Id.* [ECF No. 553].

---

[3] The Court addresses Defendants' reductions of ThermoTek's expenses in Part II. *See infra* Part II.
[4] ThermoTek has withdrawn three entries for a total of $5,820.00. Pl.'s Resp. 4 n.1 [ECF No. 561]. Thus, only $21,970.00 remains: $20,547.50 + $1,422.50 = $21,970.00.
[5] The Court construes ThermoTek's reply [ECF No. 561] as their response to Defendants' objection.

Second, the Court finds that the $8,817.50 reduction is improper. In July 2014, Defendants filed a Motion to Set a Schedule [ECF No. 483] for supplementation of expert reports, limited discovery, and the close of discovery. *Id.* at 7 [ECF No. 553]. Defendants argue that ThermoTek includes fees associated with: responses to previous motions, its supplemental expert reports, rebuttal expert reports, and responses to additional discovery that the Court allowed; none of which relate to discovery misconduct. *Id.* at 8 [ECF No. 553]. Defendants argue that ThermoTek would have incurred these fees regardless of discovery misconduct. *Id.* [ECF No. 553]. ThermoTek argues that Defendants' discovery misconduct included the failure to produce documents that their experts then had to separately review and include a supplemental report. Pl.'s Resp. 6 [ECF No. 561]. The Court finds the scheduling order was completed on an expedited basis and included expedited briefing, appendixes, and a telephonic hearing with this Court resulting in additional delays of proceedings not only with the Court, but in ThermoTek's attention in preparing for trial. *See* Docket [ECF Nos. 483-493]. During this scheduling conflict, ThermoTek still had the burden of preparing for, at the time, a December 8, 2014, trial date. The fees associated with this 2014 Motion to Set a Schedule are reasonable. The Court finds the circumstances do not warrant an $8,817.50 reduction; the Court overrules this objection.

Third, the Court finds that the $4,300.00 for fees associated with the work performed by ANMM and Maldonado are not subject to reduction. ThermoTek argues that the Court should include fees for documents compelled from ANMM because Defendants wrongfully withheld documents and if Defendants had timely produced the documents from ANMM, ThermoTek would not have had to compel the documents in the first place. Pl.'s Resp. 8 [ECF No. 561]. Defendants assert the parties resolved the issue with these documents by an agreed order and thereafter produced the documents. Defs.' Obj. 11 [ECF No. 553]. Defendants argue they never

wrongfully withheld the ANMM documents. Defs.' Reply 7 n.8 [ECF No. 571]. Defendants could not produce the documents because they were ANMM's confidential documents. *Id.* [ECF No. 571]. Defendants note that there was a discovery dispute, but it was not due to discovery misconduct. *Id.* [ECF No. 571]. Defendants also argue that Maldonado, which was a third party that produced information pursuant to subpoenas, is unrelated to discovery misconduct. Defs.' Obj. 11 [ECF No. 553]. The Court finds that the fees associated with ANMM and Maldonado were related to the discovery misconduct and are therefore proper.

Fourth, the $13,356.50 for fees associated with the deposition of WMI and Mr. Wilford are proper. This Court ordered Defendants to present WMI for deposition in its February 19, 2015, Order. *See* Order at 3 ¶ 6 [ECF No. 467]. The Court ordered the deposition of Mike Wilford as the corporate representative of WMI based on its finding he had previously withheld documents and gave false testimony. Pl.'s Resp. 7 [ECF No. 561]. This Court ordered that Defendants were to bear the cost of any deposition of Mr. Wilford. *See* Order 2 ¶¶ 2-3 [ECF No. 498]. The fee amounts related to the deposition of WMI and Mr. Wilford are reasonable and not subject to reduction.[6]

Fifth, Defendants seek a reduction of $81,371.50 in fees associated with ThermoTek's review of documents produced between February 2014 and November 2014. Defs.' Obj. 13, 16 [ECF No. 553]. Defendants argue Rule 37 does not entitle ThermoTek to fees associated with the review of documents as part of a "document exchange." *Id.* at 14 [ECF No. 553]. Defendants do not contest ThermoTek's time entries for documents dealing with changes in corporate structure, mistaken invoice transmittals, and Pulsar documents produced in October 2014. *Id.* at 14-15 [ECF No. 553].[7] Defendants argue the time entries and fees billed for reviewing the documents is not

---

[6] However, the expenses associated with these depositions are not recoverable. *See infra* Part II.C.
[7] The Court ordered the production of these documents in its February 19, 2014, Order [ECF No. 467].

attributable to any discovery misconduct. *Id.* at 15 [ECF No. 553]. Defendants point to time entries by ThermoTek such as, "document review," "Wilford's document production," and "review of document production" as vague and prevent them from determining what work ThermoTek performed. *Id.* [ECF No. 553].

The Court agrees with ThermoTek. In the Court's review of ThermoTek's time entries, it is important to note the time and circumstances of these entries. A majority of these entries by ThermoTek state "review of *recent* document production by Defendants" or "review of *most recent* documents produced by Defendants" (emphasis added). The Court ordered the production of documents on February 19, 2014, on a rolling basis from Defendants. *See* Order 2 [ECF No. 467]. It is clear from ThermoTek's entries that ThermoTek was reviewing documents that Defendants produced only after the Court ordered production and as the documents continued to arrive on a rolling basis pursuant to the February 19th Order. *Id.* at 2-3 [ECF No. 467]. Defendants also fail to address the multiple hearings, reports, proceedings, and motions during the February 2014 through November 2014 time period. This rolling production took place over eight months and included more than 10,000 documents. Pl.'s Resp. 5 [ECF No. 561]. Defendants mischaracterize the circumstances that this was merely a "document exchange." Defs.' Obj. 14 [ECF No. 553]. In the Court's imposition of sanctions against Defendants, the order specifically states that fees and expenses incurred from February 19, 2014, through November 3, 2014, are awarded to ThermoTek. Mem. Op. & Order 22 [ECF No. 532]. Defendants cannot usurp the burden of fees by reducing the amount of fees during the time period of recovery from Defendants' misconduct; this would otherwise defeat the purpose of this Court's awarding of sanctions. Defendants' misconduct forced counsel for ThermoTek to review documents on an expedited basis in preparation for trial. This Court stated in its order:

> Defendants engaged in sanctionable discovery misconduct that constitutes at least gross negligence. . . . ThermoTek's preparation for trial was prejudiced in the form of significant delay and substantial additional costs due to Defendants' delayed and confusing productions. This litigation has been pending for more than four years. ThermoTek needlessly incurred substantial fees bringing various motions to compel the production of documents that should have been produced under the Federal Rules. . . . Such an award is appropriate given Defendants' pattern of neglect and nonchalance with respect to important discovery issues and the prejudice ThermoTek has suffered in the form of delay and attorneys' fees.

*Id.* at 21-2 [ECF No. 532]. This prejudice and delay did not end on February 19, 2015. This Court shall not revisit its ruling awarding sanctions, nor will it reward Defendants in their attempt to avoid its costs. The Court finds that under the circumstances, ThermoTek has presented adequate evidence to meet its burden for this Court to determine that these fees are reasonable and necessary.[8] The Court can accurately determine from ThermoTek's time entries the number of hours spent on particular tasks during this period. The Court shall address any issues of block billing and vague entries later in this opinion. *See infra* Part III.B. The fees and expenses[9] ThermoTek incurred from the February 2014 through November 2014 are proper and are not subject to reduction.

Sixth, the $4,080.00 is properly reducible. Defendants request that the Court reduce ThermoTek's fees for time entries associated with trial preparation and a report to Judge Fitzwater. Defs.' Obj. 17 [ECF No. 553]. The Court finds that these entries by ThermoTek were not related to discovery misconduct, but were made in preparing for trial. Multiple entries by ThermoTek relate only to setting and finding a suitable trial date. *See* Decl. 11-14, 16, 29-30. ThermoTek has not provided adequate evidence that the report to Judge Fitzwater was related to discovery

---

[8] "[T]he party seeking reimbursement of attorneys' fees . . . has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is *adequate* for the court to determine what hours should be included in the reimbursement." *Bramlett*, 2010 WL 3294248, at *2 (Fitzwater, J.) (emphasis added) (quoting *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990)).

[9] *See infra* Part II.B.

misconduct. Pl.'s Resp. 6 [ECF No. 561]. The report related to when ThermoTek would be ready for trial, an inquiry that would have occurred given the complexity and nature of the discovery in this case. Although the Court acknowledges that Defendants' discovery misconduct did cause a delay in the trial date, both parties intended to pursue a trial date in this case. ThermoTek would have engaged in preparing for trial regardless of Defendants' misconduct. The Court shall exclude $4,080.00 from ThermoTek's total fees.

Seventh, the Court finds the $13,815.00 for fees associated with status reports and hearings prior to the motion for sanctions are also not subject to reduction. Sum. of Red. Defendants argue that the status reports and hearings on May 8, 2014, June 12, 2014, and July 16, 2014, were not related to discovery misconduct, but were all part of the progress of the case under the February 19, 2014, Order. Defs.' Obj. 18 [ECF No. 553]. ThermoTek argues that Defendants again mischaracterize the February 19th Order and the hearings made necessary by Defendants' discovery misconduct. Pl.'s Resp. 7 [ECF No. 561]. ThermoTek asserts that the multiple status reports and hearings were not a "discovery schedule," but related to Defendants' misconduct by failing to produce documents on previous occasions. Id. [ECF No. 561]. ThermoTek argues these fees are attributable to the long-term process of obtaining documents and policing compliance with the February 19th Order. Id. [ECF No. 561].

As stated previously, these fees were the product of Defendants' discovery misconduct. Defendants again misconstrue ThermoTek's time entries after the February 19th Order. Defs.' Obj. 18 [ECF No. 553]. As Defendants note, the status hearings and conferences were to "monitor the progress of the case." Id. [ECF No. 553]. This monitoring was in order to observe compliance with the February 19th Order, which this Court entered due to Defendants discovery misconduct.

*See* Pl.'s Resp. 7 [ECF No. 561].   Defendants' arguments are unpersuasive.   These fees are reasonable and the Court will not apply a reduction.

Lastly, the Court finds that Defendants' proposed reduction of $85,307.50 is improper.   In addition to the seven previous reductions, Defendants also argue that ThermoTek engaged in block billing. Defs.' Obj. 19-20 [ECF No. 553].   Defendants contend "the total amount of fees associated with block billed entries containing only descriptions of work for which ThermoTek may not recover is $85,307.50." *Id.* at 20 [ECF No. 553].   Defendants argue that for every entry that this Court does not award to ThermoTek the Court should eliminate all entries that ThermoTek allegedly block billed. *Id.* [ECF No. 553].   Since the Court has determined the total amount of fees for ThermoTek, *see infra* Part II, the Court will not reduce this amount by $85,307.50, but will reflect the issue of block billing in its determination of a total percentage reduction of the total amount of ThermoTek's fees.   The percentage reductions being taken are sufficient to address Defendants' arguments that ThermoTek engaged in block billing. *See infra* Part III.B. [10]

## II. Expenses

### A.

Defendants seek a reduction of $94,988.76 from ThermoTek's $95,604.71 in claimed expenses.   Sum. of Calc.   The gravamen of Defendants' claim for reductions of ThermoTek's expenses is for the amount of $83,568.05 consisting of reports from Dr. Shipley, Mr. Weisheit, and courier expenses. [11]   Sum. of Red.   Defendants argue that these expenses are excessive on their face and "ThermoTek is not entitled to recover the expenses associated with the review of materials by its experts and preparation of supplemental expert reports because ThermoTek would have

---

[10] The Court shall reduce ThermoTek's requested attorneys' fees, pursuant to the analysis above, by $9,900.00 ($5,820.00 + $4,080.00 = $9,900.00); $350,023.50 − $9,900.00 = $340,123.50.
[11] Mr. Weisheit's expenses ($30,030.00) + Dr. Shipley's expenses ($53,505.05) + courier expenses ($33.00) = $83,568.05.

incurred those expenses absent the discovery misconduct here." Defs.' Obj. 9 [ECF No. 553].

Defendants argue that regardless of whether or not expert fees are recoverable, the invoices by

ThermoTek's experts fail to provide an adequate description of the work each expert performed.

*Id.* at 10 [ECF No. 553]. Defendants argue that Mr. Weisheit's work description entries as

"Calculation/Loss Analysis" do not allow the court to determine if any work performed related to

discovery misconduct. *Id.* [ECF No. 553]; Decl. 46-49. Defendants request the Court to exclude

the $30,030.00 in Mr. Weisheit's expenses. Defs.' Obj. 10 [ECF No. 553]. Defendants also seek

to deduct Dr. Shipley's expenses by $53,505.05. *Id.* [ECF No. 553]. Defendants argue that Dr.

Shipley's review of the Pulsar and Tandem trade secret documents are not recoverable. *Id.* [ECF

No. 553]. ThermoTek responds to Defendants that Rule 37(b) includes expert fees and as

ThermoTek asserted in its request for attorneys' fees these expenses were the result of discovery

misconduct. Pl.'s Resp. 6 [ECF No. 561].

   Rule 37(b)(2)(C) provides: "the court must order the disobedient party, the attorney

advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by

the failure, *unless* the failure was substantially justified or other circumstances make an award of

expenses unjust." FED. R. CIV. P. 37(b)(2)(C) (emphasis added). ThermoTek bears the burden of

supporting its request for costs and expenses with evidence documenting the costs incurred.

*Barrow*, 2005 WL 6789456, at *23 (citing *Wright v. Blythe-Nelson*, 2004 WL 2870082, at *9

(N.D. Tex. Dec. 13, 2004)). The Court will exclude ThermoTek's expenses related to experts Dr.

Shipley and Dr. Weisheit. Although ThermoTek did have to supplement their expert reports,

ThermoTek would have incurred these expenses even if Defendants had originally produced the

documents.[12] As stated in Rule 37(b)(2)(C), this Court finds that the circumstances warrant the

---

[12] *Compare Berge Helene Ltd. v. GE Oil & Gas, Inc.*, No. CV-H-08-2931, 2011 WL 798204, at *6 (S.D. Tex. Mar. 1,
2011) ("Plaintiff's expert's review of these documents is a cost that would have been incurred had the documents been

reimbursement of expert expenses here as "unjust." Additionally, the Court has already awarded ThermoTek attorneys' fees of $8,817.50 for their work associated with these experts. This amount is sufficient. Accordingly, the Court shall reduce ThermoTek's recoverable expenses by $83,568.05.

**B.**

The $7,317.10 in litigation support services expenses incurred from February 2014 through November 2014 are proper and the Court shall not exclude this amount. Sum. of Red. Defendants argue ThermoTek's choice to use third party support services to handle these documents would have been incurred regardless of when Defendants produced the documents. Defs.' Obj. 16 [ECF No. 553]. The Court finds that ThermoTek had to use a third party vendor because Defendants produced documents: 1) that were deficient; 2) over a relatively short time period on a rolling bases; and 3) ThermoTek's counsel had to review these documents on an expedited basis in their preparation for trial. Pl.'s Resp. 8 [ECF No. 561]. This expense was reasonable and necessary.

**C.**

The $20.90 in courier expenses for the production of documents from ANMM and Maldonado are not subject to reduction. Sum. of Red. The Court finds this amount reasonable. In choosing not to award expenses associated with deposition of WMI and Mr. Wilford, the Court will not include the $4,082.71 for travel expenses along with the court reporter and videographer expenses.

---

timely produced. Accordingly, GE is not required to pay any costs associated with Plaintiff's expert's review of the late-produced documents or revision of the expert's report.") *and M.B. v. CSX Transp., Inc.*, 299 F.R.D. 341, 345-46 (N.D. N.Y. 2014) ("Nonetheless, despite this strong language, sanctions are not appropriate if . . . circumstances make the award of expenses unjust."), *with Emanuel v. Bastrop Indep. Sch. Dist.*, No. A-12-CV-592-DAE-AWA, 2014 WL 1681321, at *5 (W.D. Tex. Apr. 28, 2014), *R. & R. adopted sub nom. Emanuel v. Bastrop I.S.D.*, No. 1:12-CV-0592-DAE, 2014 WL 2971059 (W.D. Tex. July 2, 2014), *appeal dismissed sub nom. Emanuel v. Bastrop Indep. Sch. Dist.*, 591 F. App'x 302 (5th Cir. 2015) ("As to the issue of payment of expenses, Federal Rule of Civil Procedure 37(b)(2)(C) states that 'the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . .'") (emphasis added).

In summary, the Court reduces ThermoTek's expenses by $87,650.76. ThermoTek shall recover only $9,479.95 in expenses.

### III. The Lodestar Amount & Adjustments

Defendants argue that the remaining amount after all of their reductions should be subject to even further reductions. Defs.' Obj. 21 [ECF No. 553]. Defendants defer to the Court as to the reasonableness of attorneys' fees and hourly rates identified in the Declaration. *Id.* at 5 n.3 [ECF No. 553]. Defendants suggest the Court adjust the total amount of fees by reducing the number of hours or by applying a percent reduction to the lodestar amount. *Id.* at 4 [ECF No. 553]. Defendants concede that ThermoTek is entitled to at least $29,348.00. *Id.* at 21 [ECF No. 553]. Defendants seek to reduce the remaining fees to an amount between $24,551.00 (70% reduction) and $57,286.25 (30% reduction). Sum. of Calc. Defendants rely on *Bramlett* and *Barrow* in seeking to reduce ThermoTek's remaining fees by 30-70%. *Id.* at 22-3 [ECF No. 553]. Defendants argue that the Court should reduce by these percentages because ThermoTek allegedly engaged in block billing, submitted vague time entries, and included overly redacted entries which prevent Defendants and the Court from determining the actual amount of time ThermoTek spent addressing the sanctionable conduct. *Id.* at 21 [ECF No. 553].

### A. Lodestar Amount

ThermoTek requests the Court award fees for the 1,102.2 hours expended by its counsel. Decl. 3 ¶ 9. Six attorneys for ThermoTek worked on this matter including: Martin Rose, Christopher McDowell, Christina Perrone, Rebecca Solomon, Stephen Baker, and Steve Sanfelippo. *Id.* at 2 ¶ 5, 3 ¶ 8. ThermoTek states that the rates charged are the prevailing rates for cases such as this in the Northern District of Texas. *Id.* at 2-3 ¶ 7. ThermoTek asserts that the total fees for work performed from February 19, 2014, through November 3, 2014, was

$373,614.60, but after removal of entries not attributable to discover misconduct the amount is

$350,023.50. *Id.* at 3-4 ¶¶ 9-11. ThermoTek's hours are:

> Martin Rose: 23.0 hours at $650.00 per hour;
> Christopher McDowell: 457.9 hours at $450.00 per hour;
> Christina Perrone: 39.9 hours at $240.00 per hour;
> Rebecca Solomon: 174.6 hours at $225.00 per hour;
> Stephen Baker: 107.5 hours at $240.00 per hour; and
> Steve Sanfelippo: 9.4 hours at $400.00 per hour.

ThermoTek includes its paralegals, Jodi Jesser (284.5 hours at $175.00 per hour) and Dessa

Watson-Ferris (5.4 hours at $150.00 per hour) in the total hours expended. [13]

"[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the

attorney's own affidavits—that the requested rates are in line with those prevailing in the

community for similar services by lawyers of reasonably comparable skill, experience[,] and

reputation." *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Shipes*, 987 F.2d at 319. "The

party seeking an award of fees should submit evidence supporting the hours worked and rates

claimed. Where the documentation of hours is inadequate, the district court may reduce the award

accordingly." *Hensley*, 461 U.S. at 433.

In accordance with Defendants' deference to the Court in determining the hourly rate, the

Court finds that the rates used in the Declaration are reasonable. The Court has taken into

consideration the prevailing rate of attorneys in 2015 practicing complex commercial litigation

and intellectual property in the Northern District of Texas.[14] ThermoTek has presented adequate

---

[13] In the Declaration, ThermoTek fails to point to each attorneys' specific hourly rates. *See* Decl. 3 ¶ 9. This Court *sua sponte* examined the entire Declaration for counsel's hourly rates. The Court infers counsel's rates are those listed under the "Staff Summary" headings throughout the Declaration. *See* Decl. 12, 16, 26, 37.

[14] *See* State Bar of Texas 2015 Hourly Fact Sheet, State Bar of Texas, Department of Research & Analysis 7-12 ("Fact Sheet"); *Hoffman*, 2015 WL 3999171, at *2 n.4 (Fitzwater, J.) ("The court may properly consider the Fact Sheet as a basis for determining a reasonable hourly rate.") (citing *Jiwani v. United Cellular, Inc.*, 2014 WL 4805781, at *5 (N.D. Tex. Sept. 29, 2014) (Toliver, J.) (taking judicial notice of State Bar of Texas, Department of Research & Analysis' 2011 Hourly Fact Sheet as a starting point for ascertaining an appropriate hourly market rate for plaintiff's counsel)).

evidence that their billing rates are in line with those in the community. [15]  In *Hoffman*, the court found that the hourly rate of $460 to be reasonable while adjusting other hourly rates to between $601-$810. *Hoffman*, 2015 WL 3999171, at *3. The court recognized that the median rates in the Fact Sheet includes attorneys in Fort Worth and Arlington, where rates are often lower than those charged in Dallas. *Id.* The court also found that the nature and complexity of the case warranted compensating the attorneys at higher levels than those reflected in the Fact Sheet. *Id.* This Court finds that under *Hoffman*, along with the complexity, nature, and length of this matter, that the rates reflected in the Declaration are reasonable. McDowell states in the Declaration that the rates were determined based on the prevailing rates in the Northern District of Texas in this area of practice. Decl. 2-3 ¶ 10. *See Islamic Ctr. of Miss., Inc. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989) ("When that rate is not contested, it is *prima facie reasonable*.") (emphasis added). "Although those rates would appear excessive to almost any lay observer, and some members of the judiciary would deem them exorbitant, the district court's findings to the contrary are entitled to our deference. As a result, we are unable to disturb its finding that the requested hourly rates are reasonable." *McAfee v. Boczar*, 738 F.3d 81, 91 (4th Cir. 2013). Further, ThermoTek has met its burden to substantiate the requested hours and the hourly rate. *Bramlett*, 2010 WL 3294248, at *2; *see also Barrow*, 2005 WL 6789456, at *16 (finding $300 and $250, respectively, as reasonable hourly rates based on counsel's experience skill, and reputation). The Court will not reduce ThermoTek's hourly rates.

---

[15] "[T]he relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Hoffman*, 2015 WL 3999171, at *2 (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citation and internal quotation marks omitted)).

Before the Court's reductions below, and excluding expenses, the sum of $340,123.50 represents ThermoTek's lodestar fee. The Court now turns to the issue of a downward reduction of the lodestar under *Johnson* and Defendants' arguments.

### B. Reductions

"The term 'block billing' refers to the disfavored 'time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Hoffman*, 2015 WL 3999171, at *4 n.5 (quoting *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, 2011 WL 487754, at *4 (N.D. Tex. Feb. 11, 2011)); *Inclusive Cmtys. Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs*, No. 3:08-CV-0546-D, 2013 WL 598390, at *4 (N.D. Tex. Feb. 15, 2013). Block billing "prevents the court from accurately determining the time spent on any particular task, thus impairing the court's evaluation of whether the hours were reasonably expended." *Hoffman*, 2015 WL 3999171, at *4 n.5 (citation omitted). However, "[m]ost courts that have addressed block billing have concluded that denying all block-billed attorney's fees is not appropriate." *Bramlett*, 2010 WL 3294248, at *3 (citing *Trulock v. Hotel Victorville*, 92 Fed. App'x. 433, 434 (9th Cir. 2004) (holding that block billing "is not a basis for refusing to award attorneys' fees")). "[M]any courts reviewing block-billed time entries have performed a percentage reduction *either* in the number of hours *or* in the lodestar figure, typically ranging from 10% to 30%." *Bramlett*, 2010 WL 3294248, at *3 (emphasis added).

The court must look to the evidence (typically via affidavit) and conduct a full analysis of the billing records. *See generally La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995) (holding the district court erred in failing to conduct full analysis of billing records "[a]s to the specific items of which [opposing party] complains"). "It is a common practice for courts to address only those potentially inadequate entries brought to the court's attention. . . . [T]he court

is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing." *Hoffman*, 2015 WL 3999171, at *5 (citation omitted).

Courts outside of this district are inconsistent on the issue of block billing.[16] Although counsel is "not required to record in great detail how each minute of his time was expended . . . at least counsel should identify the general subject matter of his time expenditures." *Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 396–97 (S.D. N.Y. 2000) (quoting *Hensley*, 461 U.S. at 437 n.12)). Compared to the Tenth Circuit which requires that "lawyers keep meticulous time records that 'reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks.'" *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 989 (10th Cir. 1996) (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)). ThermoTek must present detailed time records of the hours expended by each lawyer indicating the nature of the particular work done by each, but these records do not need to be perfect. Particular Items of Cost-Attorney's Fees: The Lodestar Approach, 10 Fed. Prac. & Proc. Civ. § 2675.2 (3d ed.); *Pawlak v. Greenawalt*, 713 F.2d 972, 980 (3d Cir. 1983) (holding although the time records submitted by the attorneys were not exemplary, the district court was not clearly erroneous or irrational in finding the records adequate in most respects to support an award).

---

[16] *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000) (concluding that block billing "is not per se forbidden"); *Rodriguez v. McLoughlin*, 84 F. Supp. 2d 417, 425 (S.D. N.Y. 1999) ("The practice of block billing is not prohibited in [the Second] Circuit."); *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 952 (1st Cir. 1984) ("the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance."); *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1222 (9th Cir. 2010) (holding that district court's 20% reduction for block billing was not abuse of discretion); *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 340 (1st Cir. 2008) (holding that 15% reduction of fee request for block billing "plainly falls within the range of reasonableness"); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (noting California State Bar's conclusion that block billing "may increase time by 10% to 30%."); *In re Pierce*, 190 F.3d 586, 594 (D.C. Cir. 1999) (applying 10% reduction).

This Court looks to previous courts' analysis in the Northern District of Texas of what constitutes block billing. In *Bramlett*, the court found that counsel's affidavit amounted to block billing. *Bramlett*, 2010 WL 3294248, at *3-4 (Fitzwater, J.). Counsel's affidavit included compensation for "substantial blocks of time, listing multiple activities for those blocks of time" and "does not specify the time per legal service rendered or the date on which the service was rendered." *Id.*[17] Accordingly, the court reduced counsel's hours by 25%. *Id.* In *Hoffman*, the court found that a 30% reduction in hours was sufficient to account for block billing. *Hoffman*, 2015 WL 3999171, at *4 (Fitzwater, J.). Similarly, in *Fabela*, the court found entries stating only "prepar [ing] the complaint" or "prepare complaint" without explaining what "prepare complaint" meant were block billed, thus impairing the court's ability to determine whether the time spent was reasonable. *Fabela v. City of Farmers Branch, Tex.*, No. 3:10-CV-1425-D, 2013 WL 2655071, at *7, n.14 (Fitzwater, J.) (N.D. Tex. June 13, 2013).

Block billing is often accompanied by vague time entries. Vague entries are those that are "not illuminating as to the subject matter" or "vague as to precisely what was done." *Barrow*, 2005 WL 6789456, at *11 (citation omitted). Examples such as: "revise memorandum," "review pleadings," "review documents," and "correspondence" are sufficiently vague that the court could accept or reject them in a fee application. *Id.* (citation omitted). In *Barrow*, the court found entries, such as "review file," "preparation of correspondence," "review correspondence," "phone conference with co-counsel," "legal research," and "review email" were all vague and did not award attorney fees for these entries. *Id.* (citation omitted); *see also Hoffman*, 2015 WL 3999171, at *1 n.6.

---

[17] "The following is an example of the level of description in the affidavit: 'reviewing and analyzing Plaintiffs' first amended complaint, conducting research regarding the cause of action raised in that pleading and potentially applicable defenses, and preparing answers for all four of my clients (at least 10.3 hours).'" *Bramlett*, 2010 WL 3294248, at *3.

The following are examples of entries by ThermoTek that Defendants argue constitute block billing:

> [redacted] "telephone calls with Sheila Carmody regarding proposed order; work on exhibits for sanctions motion" (4.60 hours);

> "Work on deposition citations [redacted]; follow-up on information and documents needed for [redacted]; address issue with [redacted] for report; address issues and documents relating to Cadence Partners; work through depositions of Wojck, Crane, Ubidia, Long for sanctions motion; work on sanctions motion; issues with production from ANMM and work on strategy for [redacted]" (8.70 hours);

> [redacted] "email with Kathy Lyons regarding third interrogatory and times for hearing with the Court; review amended interrogatories" (2.30 hours).

Defs.' App. in Supp. of Defs.' Obj. A-152-3, 157 [ECF No. 554-5]; Defs.' Obj. 22 [ECF No. 553]. Defendants argue the following are vague entries: "review document," "attention to emails," and "calls." Defs.' Obj. at 23 [ECF No. 553]. The Court found similar entries throughout the Declaration such as, "[r]eview of document production" (2.20 hours) and "[r]eview documents produced by Defendants" (4.20 hours). Decl. 11-12. Defendants also argue that the redactions throughout the Declaration, similar to the example entries cited above, render the original descriptions vague. Defs.' Obj. 23 [ECF No. 553].

The Court does not find that these entries prevent it from accurately determining the time spent on a specific task. The Court finds that in looking to the records as a whole, ThermoTek's entries are not all block billed. Unlike in *Barrow* and *Bramlett*, the entries by ThermoTek clearly specify the legal service being rendered, the time, and the date. *Bramlett*, 2010 WL 3294248 at *3; *Barrow*, 2005 WL 6789456, at *11-12. ThermoTek's counsel accompanied each entry with the initials of the attorney, the date, the amount of hours expended, and a brief description of the work performed. Further, the entries are not for large amounts of time. Often, ThermoTek's entries are for less than five hours. *See* Decl. 7-45. Entries between four to six hours are frequently

substantiated with descriptions of the different types of work performed during that period. ThermoTek's entries are not so vague or block billed as to render them "impossible to conduct meaningful review and determine the precise number of hours that should be reduced . . . ." *Barrow*, 2005 WL 6789456 at \*12. The Court notes that there are entries by ThermoTek that are vague or overly redacted. The Court agrees with Defendants that some entries are similar to those found in *Barrow*, but does not agree they warrant a reduction as high as 70%. The Court reflects a proper percentage in its own reductions.

Rather than reducing by the total number of hours, the Court shall reduce the lodestar fee in a manner similar to the court in *Hoffman*. *Hoffman*, 2015 WL 3999171, at \*8 (applying a 20% threshold reduction, followed by a 30% reduction for block billing, and an additional 10% reduction for billing judgment). The Court shall lower the lodestar amount by a percentage reduction. *Bramlett*, 2010 WL 3294248, at \*3. The Court will apply a threshold reduction of 10% to account for entries that do constitute block billing. *Gratz v. Bollinger*, 353 F. Supp. 2d 929, 939 (E.D. Mich. 2005) (reducing fee request by 10% due to block billing)). This 10% is more than a sufficient amount to account for time entries that are duplicative, excessive, or vaguely recorded. The Court finds that although a majority of ThermoTek's entries are not vague, a reduction of 10% of the amount is warranted for those that are difficult to distinguish. The Court reduces again by 10% for overly redacted entries and a lack of billing judgment, but does so in acknowledgement that ThermoTek was preparing for trial along with protecting work product and privileged information. *See* Defs.' App. in Supp. of Defs.' Obj. A-146-147, 149-150, 153-155 [ECF No. 554-5]. The amount remaining after the Court's reductions is $247,566.40.[18]

---

[18] In summary, the Court calculated this amount as follows: $340,123.50 (ThermoTek's remaining attorneys' fees after the Court's reductions, *see supra* Part I.A.) + $9,479.95 (ThermoTek's expenses, *see supra* Part II.A-C.) − $102,037.05 (total reductions, *see supra* Part III.B.) = $247,566.40.

This remaining amount is not an abuse of discretion as courts in the Northern District of Texas have awarded similarly high fees. *See Kostic v. Texas A&M Univ.-Commerce*, No. 3:10-CV-2265-M, 2015 WL 9997211, at *9 (N.D. Tex. Dec. 28, 2015), *R. & R. adopted*, No. 3:10-CV-2265-M, 2016 WL 407357 (N.D. Tex. Feb. 3, 2016) (recommending that the District Court award Plaintiff reasonable attorneys' fees in the total amount of $433,745.00) (80% of his total requested attorneys' fees of $542,181.25)); *Hoffman*, 2015 WL 3999171, at *8 (awarding $202,477.00 in fees after adjusting the lodestar amount); *Miller v. Raytheon Co.*, No. 3:09-CV-440-O, 2013 WL 6838302, at *12 (N.D. Tex. Dec. 27, 2013) (awarding $141,484.63 in fees after 15% reduction from the lodestar); *Wherley v. Schellsmidt*, No. 3:12-CV-0242-D, 2014 WL 3513028, at *7 (N.D. Tex. July 16, 2014) (awarding $71,695.00 in attorney's fees after declining to downwardly adjust lodestar); *Fabela*, 2013 WL 2655071, at *9 (awarding $194,125.00 in attorney's fees and $75,000 in costs after reducing hours due to block billing but declining to adjust based on the *Johnson* factors). This Court held in awarding sanctions, "ThermoTek has represented that these fees are substantial and may exceed $100,000. Such an award is appropriate . . . ." Mem. Op. & Order 22 [ECF No. 532]. This award for ThermoTek reflects this holding. Therefore, the Court awards ThermoTek $247,556.40 in fees and expenses.

## IV. The Orthoflex Parties' Fees and Expenses

On April 28, 2015, this Court awarded Defendants Wilford, Orthoflex, Motion Medical Technologies, L.L.C., and Wabash Medical, L.L.C. (the "Orthoflex parties") expenses and reasonable attorneys' fees, for its successful prosecution of its Motion to Compel ThermoTek to withdraw certain pages of its 510(k) submission to the FDA marked as "confidential." *See* Mem. Op. & Order [ECF No. 560]. Initially, this Court denied the Orthoflex parties' motion, *see* Order [ECF No. 263], and the Orthoflex parties subsequently objected to this determination. The District

Court sustained Defendants' objection and granted the Motion to Compel ThermoTek to withdraw its confidential designation. Mem. Op. & Order 2 [ECF No. 560]; Mem. Op. & Order 11 [ECF No. 384]. In reversing this Court's determination, the District Court held the magistrate judge erred in denying the motion and remanded to address Defendants' request for sanctions. Mem. Op. & Order 11-12 [ECF No. 384]. On remand, this Court found that ThermoTek was not "substantially justified" in its designation and granted Defendants sanctions under Rule 37. Mem. Op. & Order 4 [ECF No. 560]. This Court expressly held, "the Orthoflex parties are entitled to recover the expenses they incurred in obtaining an order granting their motion to compel ThermoTek to withdraw its confidential designation." *Id.* at 5 [ECF No. 560]. The Court ordered ThermoTek to pay Defendants' reasonable expenses including attorneys' fees. *Id.* at 5-6 [ECF No. 560]. ThermoTek objected [ECF No. 567] to the award. The District Court affirmed, concluding the magistrate judge did not abuse his discretion.[19] Mem. Op. & Order 2, 9, 17-18 [ECF No. 590]. The District Court also affirmed this Court's ruling that ThermoTek was not substantially justified in refusing to remove the "confidential" designation from twenty seven pages of the ThermoTek 510(k) submission. *Id.* at 18 [ECF No. 590].

Accordingly, Defendants submitted the Declaration of Kathleen A. Lyons (the "Declaration") seeking $34,074.25 in attorneys' fees, $777.56 in expenses, and $2,262.50 in fees for compiling the Declaration and exhibits for a total amount of $37,114.31. Defs.' Notice of Compliance with Mem. Op. & Order of April 28, 2015, 1-2 [ECF No. 572]. ThermoTek objects to the Declaration. Pl.'s Obj. [ECF No. 573]; Pl.'s App. in Supp. [ECF No. 574]. The Court summarizes the Declaration as follows:

> Kathleen Lyons: 27 hours at $375 per hour, 4.3 hours at $325.00 per hour;
> Keith Rockey: 9.5 hours at $450.00 per hour in 2012, 2.7 hours at $400 per hour in 2013;

---

[19] *See also* Mem. Op. & Order 17 n.6 [ECF No. 590] ("Nor has it shown he clearly erred.").

Matthew De Preter: 58 hours at $250.00 per hour;
David Skeels: 1.25 hours at $275.00 per hour;
Rebecca Lyons: 18.1 hours at $130.00 per hour.
Total: $34,074.25

*See* Decl. 2-3 ¶ 4, 4-9 ¶¶ 9-19.

Ms. Lyons states that she has thirty years of experience in complex commercial litigation, principally intellectual property matters. *Id.* at 1 ¶ 1. Mr. Rockey is a prominent trial lawyer with over forty years of experience in intellectual property law and Mr. Preter has five to six years of experience as an associate. *Id.* at 2 ¶ 4. Mr. Skeels is an attorney with over nine years of experience. *Id.* at 2-3 ¶ 4. Rebecca Lyons is a paralegal with over fifteen years of experience. *Id.* at 3 ¶ 4. The Declaration asserts that the rates charged are fair, reasonable, and not only compare favorably with the prevailing rate in the Northern District of Texas, but are lower than those charged by persons with the same level of skill and experience in the Northern District. *Id.* at 3 ¶ 5. In Ms. Lyons determination of the reasonable amount of fees, she states she took into account the factors set forth in *Johnson.*[20] *Id.* at 2 ¶ 2. Further, in Ms. Lyons review of the invoices she states she wrote off or reduced hours for work that was duplicative or redundant. *Id.* at 4 ¶ 7. Lyons also "wrote off 5 to 15% of time billed in this matter." *Id.* Throughout the Declaration, Ms. Lyons asserts that she reduced hours for entries of block billing and further redundancies. *Id.* at 4 ¶ 9, 6 ¶ 12, 7 ¶ 15, 8 ¶ 17.

ThermoTek objects to the amount of fees sought by Defendants[21] arguing the Court should decline to award any amount of fees. Pl.'s Obj. 2 [ECF No. 573]. ThermoTek objects to the total

---

[20] "Further, the lodestar amount may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar, and the lodestar calculation may take into account several Johnson factors[.]"). *Richmond v. SW Closeouts, Inc.*, No. 3:14-CV-4298-K, 2016 WL 4368305, at *2 (N.D. Tex. Aug. 16, 2016) (citing *Black v. SettlePou, P.C.*, 732 F.3d 492, 503 n.8 (5th Cir. 2013); *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006)).

[21] In ThermoTek's Objection, ThermoTek refers only to Wilford, the Court construes this to include the Orthoflex parties as referenced in the April 28, 2015, Order [ECF No. 560].

amount of hours Defendants billed, but not the specific rates Defendants charged per hour. *Id.* at 5 [ECF No. 573]. ThermoTek fails to show that the lodestar amount should be reduced based on the *Johnson* factors, but instead argues they are unreasonable. ThermoTek argues the Court should reduce Defendants' requested fees by at least 60%. *Id.* at 3 [ECF No. 573]. ThermoTek contends that Defendants engaged in block billing, double billing, and the entries in quarter hour increments are not reasonable. *Id.* at 5-9 [ECF No. 573]. ThermoTek maintains that if the Court does decide to award fees the amount should be between $1,317.50 and $14,818.00 and applied as an offset to the fees Defendants owe ThermoTek. *Id.* at 10 [ECF No. 574]. ThermoTek urges the Court to reconsider its awarding of fees and that ThermoTek's designation of documents as "confidential" was substantially justified. *Id.* at 2, 9 [ECF No. 573].

Defendants respond that they: 1) exercised billing judgment; 2) eliminated every entry not attributable to the sanctionable conduct; and 3) every entry that was block billed, redacted, or duplicative Defendants adjusted accordingly. Defs.' Resp. 1, 7-8 [ECF No. 580]. Defendants contend they corrected and made the appropriate reduction to every entry that was block billed. *Id.* at 6 [ECF No. 580]. Defendants dispute that they did not engage in double billing, but the Court should look to the original entries to see they did exercise billing judgment. *Id.* at 7 [ECF No. 580]. Defendants assert the appearance of double billing occurs because after redaction the entries appear to be the same as the subsequent entry, thus it looks as though Defendants inserted the same entry twice. *Id.* at 7-8 [ECF No. 580]. Defendants respond that the quarter hour increments are reasonable because in looking to the original fee bills, not all entries are limited to ".25" hours and neither are Defendants' adjustments. *Id.* at 9 [ECF No. 580].

ThermoTek's reply [ECF No. 586] focuses on disputing this Court's order awarding sanctions. *See* ThermoTek's Reply 2-4 [ECF No. 586]. ThermoTek argues there was a genuine

dispute to which any reasonable person could have disagreed and thus this warrants the Court to not award Defendants any fees. *Id.* at 2 [ECF No. 586]. ThermoTek contends that Defendants pursued their Motion to Compel for interests outside of this case and it did not advance this case to a resolution on the merits. *Id.* at 2, 4-5 [ECF No. 586]. Also, ThermoTek asserts that the fees charged by Defendants are unreasonable because they were copied, not duplicated, and therefore show there was a lack billing judgment. *Id.* at 5. [ECF No. 586]. ThermoTek claims Defendants' response shows billing in quarter hour increments is unreasonable because Ms. Lyons only provides one example of making an adjustment and no evidence of performing the adjustment on all quarter hour billing entries. *Id.* at 6 [ECF No. 586].

This Court will not entertain either ThermoTek's or Defendants' repeated arguments over the "confidential" designation. The Northern District of Texas has already thoroughly addressed this issue. Two courts in this district have ruled on ThermoTek's "confidential" designation of documents. The only determination left is the amount ThermoTek owes Defendants in attorneys' fees and expenses as sanctions.[22] The Court finds that in the review of the Declaration it declines to reduce the amount requested by ThermoTek.

### A. Lodestar Amount

First, the Court must set the lodestar fee. *Hoffman*, 2015 WL 3999171, at *1; *see supra* Legal Standard at 3. Defendants have met their burden of substantiating both the requested hours and the hourly rates. *Hoffman*, 2015 WL 3999171, at *1. Since ThermoTek does not object to the hourly rates set forth in the Declaration, the Court finds the hourly rates reflect those in the Northern District of Texas for similar work. Defendants have presented more than adequate

---

[22] Again, determinations of hours and rates are questions of fact, and the fee applicant bears the burden of providing the necessary documentation that will allow the reviewing court to identify the distinct claims. *Hensley*, 461 U.S. at 437; *see also Stegall*, 571 S.W.2d at 566 ("An award of attorneys' fees is a question for the trier of fact.") (citing *Int'l Sec. Life Ins. Co. v. Spray*, 468 S.W.2d 347, 349 (Tex. 1971)).

evidence to meet its burden for this Court to determine that these fees are reasonable and necessary. *See supra* note 8. These rates are reasonable and this Court shall set the lodestar amount at $34,074.25. The Court also finds that the hours expended on this matter are reasonable as set forth above. ThermoTek has not established that an adjustment is warranted based on any of the *Johnson* factors.[23] *See Arriaga v. Califco, L.L.C.*, No. 3:12-CV-0094-D, 2013 WL 5928852, at *2 (N.D. Tex. Nov. 5, 2013) ("There is a strong presumption that the lodestar award is the reasonable fee.") (internal quotation marks and citation omitted). "Many of the *Johnson* factors are presumably fully reflected in the lodestar amount, so such modifications are proper only in certain 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings." *Hoffman*, 2015 WL 3999171, at *9 (internal quotation marks omitted) (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986) (quoting *Blum*, 465 U.S. at 898-901)). Accordingly, the Court shall decline to do so.

Defendants did not engage in block billing and exercised its billing judgment. The Court finds that the time Defendants spent in connection with their prosecution of their Motion to Compel was not excessive, duplicative, or inadequately documented. The Court does not find Defendants' entries are "unreasonable" as ThermoTek argues. As Defendants correctly assert, the parties exerted significant time and resources on this matter. Defendants had to respond to voluminous briefing and objections by ThermoTek. After extensively reviewing the records, this Court finds that the Declaration sufficiently shows the time and expenses spent on this matter and shall not reduce any amount requested. As stated in the Declaration, Ms. Lyons in her billing judgment wrote off 5-15% of the time billed in this matter. Decl. 4 ¶ 7. The Declaration also shows that

---

[23] *See supra* note 2.

Ms. Lyons removed block billed entries and took into account the *Johnson* factors. *See* Decl. at 4 ¶ 9, 6 ¶ 12, 7 ¶ 15, 8 ¶ 17. This Court finds a reduction of 60% is not proper under the circumstances. Similar to Defendants' discovery misconduct earlier in this opinion, Rule 37 clearly embraces that violation of a court order regarding discovery (here the protective order) entitles Defendants to their reasonable attorneys' fees and expenses. *Hoffman*, 2015 WL 1000864, at *5; FED. R. CIV. P. 37(b)(2)(C). ThermoTek does not object to Defendants' requested expenses. Thus, the Court also finds that the $777.56 and $2,262.50 in expenses for compiling the Declaration were reasonable and necessary. ThermoTek shall pay Defendants (the Orthoflex parties) $37,114.31 in attorneys' fees and expenses.

## CONCLUSION

For the foregoing reasons, Defendants shall pay ThermoTek $247,566.40 in attorneys' fees and expenses. ThermoTek shall pay Defendants $37,114.31 in attorneys' fees and expenses. Payment shall be made within two weeks after the District Court's ruling on objections to this determination.

**SO ORDERED**, this 22 day of October, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE